Ira Spiro, State Bar No. 67641
Dennis F. Moss, State Bar No. 77512
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
telephone     310-235-2468
fax           310-235-2456
email         ispiro@smbhblaw.com

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LEONARD,<br>CHARLIE BRADARIC,<br>GARY HOSKINS,<br>LARRY BRIAN NEWMAN, JR.,<br>CHRIS HERR, and<br>WILLIAM F. HARRISON,<br>each of them individually, and on behalf of:<br>all others similarly situated, the general<br>public, and similarly situated current and<br>former employees of Defendants.<br><br>                    Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.<br>BESTFOODS BAKING COMPANY, and<br>DOES 1 through 10,<br><br>                    Defendants.<br>_____ | Case No.<br><br><br>**COMPLAINT**<br><br>CLASS ACTION AND<br>FLSA COLLECTIVE ACTION |

### INTRODUCTION AND CERTAIN DEFINITIONS

1.     This is an action for violation of federal and state wage and hour laws by and on behalf of employees of Defendants in a job position known as "Driver-Salesman." Because of Defendants' policies, programs, practices, procedures, protocols, routines, and rules, and because of Defendants' operational standardization, and other factors common to these employees, these employees were required to perform such a heavy workload that they could not perform it without working very substantial amounts of overtime, yet Defendants did not pay them at proper overtime rates, and paid them no overtime rates for certain hours

1  each day.  Also, they were deprived of legally required meal breaks, and they and were

2  compelled to work off-the-clock before clocking in and after clocking out.  The situation and

3  the violations are continuing to this day.

4       2.     In this pleading, the term "Covered Employees" means all persons who have

5  been, are, or in the future will be employed in California by any of the Defendants in any job

6  whose title is or was referred to by any of the Defendants as "Driver-Salesman," and who

7  were so employed during the period of time covered by the statute of limitations applicable to

8  the particular claim for relief in which the term "Covered Employees" or "class" appears,

9  including periods of time during which the statute of limitations was or may have been tolled

10  or suspended.

11       3.     In this pleading, "Defendants" means "defendants and each of them," and

12  refers to the defendants named in the particular claim for relief in which the word

13  "Defendants" appears.

14       4.     The allegations in this pleading are made without any admission

15  that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or

16  persuasion.  Plaintiffs reserve all rights to plead in the alternative.

17  //

18  ## JURISDICTION AND VENUE

19       5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331

20  because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

21  This Court has supplemental jurisdiction over the state law claims.  The state law claims are

22  so related to the claims in the action within such original jurisdiction that they form part of

23  the same case or controversy under Article III of the United States Constitution.

24       6.     Venue is proper in this district because a substantial part of the events and

25  omissions giving rise to the claims occurred in this district, including in Defendants' very

26  large operations in Santa Clara County, California. Venue is proper in this district also

27  because there is personal jurisdiction in this district over all Defendants.  Presently and at all

28  relevant times, all Defendants have conducted substantial, continuous and systematic

1   commercial activities in this district, including very large operations in Santa Clara County,

2   California.

3                                              **PARTIES**

4         7.      Defendant Bimbo Bakeries USA, Inc. ("Bimbo") is a Delaware  corporation

5   with its principal place of business in Texas, doing business in the Northern District of

6   California, and had on file with the California Secretary of State papers that resulted in them

7   being registered ("qualified" is the technically correct term) to do business in California.

8         8.      Plaintiffs are informed and believe and thereon allege Defendant Bestfoods

9   Baking Company ("Bestfoods") is, or during the period of time covered by the statutes of

10  limitations applicable to the claims stated herein was, an entity of a nature unknown to

11  plaintiffs, doing business in the Northern District of California.

12        9.      The first named plaintiff, Thomas Leonard, was, within the statute of

13  limitations period, a Covered Employee employed by Defendants in Santa Clara County,

14  California.  Presently he resides in Alameda County, California.  The remaining named

15  plaintiffs were, within the statute of limitations period, Covered Employees employed by

16  Defendants in northern California.

17        10.     Plaintiffs are informed and believe and thereon allege that at all times relevant

18  to this action, the named defendant and defendants DOES 1 through 10 were affiliated and

19  were an integrated enterprise.

20        11.     Plaintiffs are unaware of the true names of defendants Does 1 through 10.

21  Said defendants are sued by said fictitious names, and the pleadings will be amended as

22  necessary to obtain relief against defendants Does 1 through 10 when the true names and

23  capacities are ascertained or when such facts pertaining to liability are ascertained, or as

24  permitted by law or by the Court.

25        12.     Plaintiffs are informed and believe and thereon allege that at all relevant times

26  each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs

27  and the other Covered Employees, and exercised control over the wages, hours, and working

28  conditions of Plaintiffs and the other Covered Employees.  Plaintiffs are informed and

1  believe and thereon allege that, at all relevant times, each defendant was the principal, agent,

2  partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent

3  corporation, successor in interest and/or predecessor in interest of some or all of the other

4  Defendants, and was engaged with some or all of the other Defendants in a joint enterprise

5  for profit, and bore such other relationships to some or all of the other Defendants so as to be

6  liable for their conduct with respect to the matters alleged below.  Plaintiffs are informed and

7  believe and thereon allege that each defendant acted pursuant to and within the scope of the

8  relationships alleged above, that each defendant knew or should have known about, and

9  authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other

10 Defendants.

11 //

12                    **FLSA COLLECTIVE ACTION ALLEGATIONS**

13        13.    Plaintiffs bring the First Claim for Relief, for violations of the Fair Labor

14 Standards Act ("FLSA"), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.

15 § 216(b), on behalf of all persons who were, are, or will be employed by Defendants or any

16 of them, on or after the date that is three years before the filing of the complaint in this case

17 (the "FLSA Class Period"), in the job position that has been known as "Driver-Salesman."

18        14.    At all relevant times, plaintiffs and the other Covered Employees are and have

19 been similarly situated, have had substantially similar job requirements and pay provisions,

20 and have been subject to Defendants' common practices, policies, programs, procedures,

21 protocols and plans of willfully failing and refusing to pay them at the legally required time-

22 and-a-half rates for work in excess of forty (40) hours per workweek, willfully failing to keep

23 records required by the FLSA, and willfully failing and refusing to pay them at overtime

24 rates, or at all, for work before clocking in and work after clocking out.  The claims of

25 Plaintiffs stated herein are similar to those of the other Covered Employees.

26        15.    The First Claim for Relief is properly brought and maintained as an opt-in

27 collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The Covered

28 Employees are readily ascertainable.  For purposes of notice and other purposes related to

1    this action, their names and addresses and readily available from Defendants.  Notice can be

2    provided to the FLSA Collective Plaintiffs via first class mail to the last address known to

3    their employer.

4         16.    Attached hereto are signed consents by Named Plaintiffs to be parties plaintiff

5    in the FLSA claims alleged herein.  Plaintiffs are informed and believe and thereon allege

6    that a great many other Covered Employees will sign and file such consents.

7    //

8              **CLASS ACTION ALLEGATIONS FOR CALIFORNIA LAW CLAIMS**

9         17.    Plaintiffs bring the California law claims for relief on behalf of themselves and

10   on behalf of the class of all persons similarly situated, as more fully explained below.  This

11   action is brought and may properly be maintained as a class action pursuant to Fed. Rule of

12   Civ. Proced. 23(a) and 23(b)(3).  The questions of law or fact common to the class

13   predominate over questions affecting the individual members and, on balance, a class action

14   is superior to other methods available for adjudicating the controversy.

15        18.    The proposed class Plaintiffs seek to represent, sometimes referred to herein as

16   the "Covered Employees," or the "class," is presently defined as follows: all persons who

17   have been, are, or in the future will be employed in California by any of the Defendants in

18   any job whose title is or was referred to by any of the Defendants as "Driver-Salesman," and

19   who were so employed during the period of time covered by the statute of limitations

20   applicable to the particular claim for relief in which the term "Covered Employees" or

21   "class" appears, including periods of time during which the statute of limitations was or may

22   have been tolled or suspended.

23        19.    There is a well-defined <u>community of interest</u> in the litigation and the proposed

24   class is <u>easily ascertainable</u>.

25        20.    <u>Numerosity</u>: The class is so numerous that individual joinder of all members is

26   impracticable. While the exact number of class members is unknown to Plaintiffs at this time,

27   Plaintiffs are informed and believe and thereon allege that it is several hundred people or

28   more.

21.     <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

a)      What were and are the policies, programs, practices, procedures, protocols, routines, and rules used by Defendants in determining what hours of work to pay at overtime (premium) rates for each workweek.

b)      Whether the overtime (premium) rate pay Defendants did pay to the Covered Employees was calculated based on straight time rates that included all elements required to be included therein, including, but not limited to piecework and "commission" pay.

c)      Whether, with respect to the overtime (premium) rate pay Defendants did pay to the Covered Employees, Defendants violated California law by not calculating the pay based on straight time rates that included all elements required to be included therein, including but not limited to piecework and what Defendants refer to as "commission" pay.

d)      Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules of not paying the Covered Employees any overtime (premium) pay at all for hours worked until the Covered Employees worked 45 hours in a workweek, i.e. only for hours in excess of 45 per workweek.

e)      Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules of failing or refusing to pay the Covered Employees at overtime rates, or at all, for work before clocking in and work after clocking out.

f)      Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules resulting in Covered Employees being unable to have at least a half hour uninterrupted meal break during their workdays.

g)     Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules resulting in Covered Employees being unable to have at least an hour of meal break, rest break, personal time off, or any other time off each workday.

h)     Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules by which they treated and compensated the Covered Employees as if they had taken a total of one hour of meal break, rest break, personal time off, or any other time off each workday.

i)      Whether Defendants have had policies, programs, practices, procedures, protocols, routines, and rules by which they failed to pay the Covered Employees any overtime (premium) pay for hours worked in excess of eight in a day.

j)      What were and are the policies, programs, practices, procedures, protocols, routines, and rules of Defendants regarding furnishing to the class members, upon each payment of wages, <u>accurate</u> itemized statements required by Labor Code section 226.

k)     Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the Covered Employees.

l)      Whether Defendants violated California law by their policies, programs, practices, procedures, protocols, routines, and rules regarding meal breaks for the Covered Employees.

m)    Whether Defendants are liable to the Covered Employees for the amounts provided for in California Labor Code section 226.7(b) for meal breaks not provided.

n)     Whether Defendants violated California law by their policies, programs, practices, procedures, protocols, routines, and rules regarding furnishing or not furnishing to the class members <u>accurate</u> itemized statements required by

1          Labor Code section 226 upon each payment of wages.

2   o)     Whether Defendants are liable to the Covered Employees for the amounts

3          provided for in California Labor Code section 226(e) for failing to furnish to

4          the class members, upon each payment of wages, <u>accurate</u> itemized statements

5          required by Labor Code section 226.

6   p)     Whether Defendants, by their policies, programs, practices, procedures,

7          protocols, routines, rules referred to in this complaint committed unlawful

8          business practices within the meaning of California Business & Professions

9          Code sections 17200 *et. seq.*

10  q)     Whether Defendants, by their policies, programs, practices, procedures,

11         protocols, routines, rules referred to in this complaint committed unfair

12         business practices within the meaning of California Business & Professions

13         Code sections 17200 *et. seq.*

14  r)     Whether Defendants, by their policies, programs, practices, procedures,

15         protocols, routines, rules referred to in this complaint committed fraudulent or

16         deceptive business practices within the meaning of California Business &

17         Professions Code sections 17200 *et. seq.*

18  22.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Covered

19  Employees.  Plaintiffs and other class members sustained losses, injuries and damages arising

20  out of the Defendants' common policies, programs, practices, procedures, protocols, routines,

21  and rules referred to in this claim for relief, which were applied to the other class members as

22  well as Plaintiffs.  Plaintiffs seek recoveries for the same types of losses, injuries, and

23  damages as were suffered by the other class members as well as Plaintiffs.

24  23.    <u>Adequacy</u>: Plaintiffs are able fairly and adequately to protect the interests of all

25  members of the class.  The attorneys for Plaintiffs and the potential class are qualified and

26  competent and very experienced in class action litigation.  Plaintiffs are not disqualified by

27  interests antagonistic to the remainder of the class.

28  //

24.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be very substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.  The issues in this action can be decided by means of common, classwide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.    <u>Public Policy Considerations</u>: Defendants and other employers throughout the state violate wage and hour laws.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

//

//

//

//

//

Complaint

### FIRST CLAIM FOR RELIEF

### (Against All Defendants for FLSA Overtime, Minimum Wage
### and Record Keeping Violations)

26.     Plaintiffs incorporate paragraphs 1 through 16 above.

27.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.  At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

28.     Throughout the FLSA Class Period, plaintiffs and the other Covered Employees regularly worked in excess of forty (40) hours per workweek, and continue to do so.

29.     At all relevant times, each Defendant has had, and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, and willfully failing and refusing to pay the Covered Employees at overtime rates, or at all, for off-the-clock work.

30.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay plaintiffs and the other Covered Employees at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

31.     At all relevant times, with respect to overtime (premium) rate pay Defendants did pay and continue to pay to plaintiffs and the other Covered Employees, Defendants willfully, regularly and repeatedly did not and continue not to calculate the pay based on straight time rates that include all elements required to be included therein, including, but not limited to, piecework and what Defendants refer to as "commission" pay.

32.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and

Complaint

1   continue to fail to pay plaintiffs and the other Covered Employees at all for work performed

2   before clocking in and after clocking out.

3         33.    At all relevant times, Defendants willfully, regularly and repeatedly failed, and

4   continue to fail to make, keep, and preserve <u>accurate</u> records required by the FLSA with

5   respect to plaintiffs and the other Covered Employees, including records sufficient to

6   accurately determine the wages and hours of employment pertaining to plaintiffs and the

7   other Covered Employees.

8         34.    Plaintiffs and the Covered Employees seek damages in the amount of their

9   respective unpaid overtime compensation, unpaid minimum wage compensation, liquidated

10   (double) damages as provided by the FLSA for overtime and minimum wage violations,

11   attorneys' fees and costs of action, injunctive relief requiring Defendants to cease and desist

12   from their violations of the FLSA described herein and to comply with the FLSA, and such

13   other legal and equitable relief as the Court deems just and proper.

14   //

15                         **<u>SECOND CLAIM FOR RELIEF</u>**

16   **(Against All Defendants for Failure to Pay Wages at Overtime Rates, in Violation of**

17         **Labor Code § 1194 and IWC Wage Orders, and Related Violations)**

18         35.    Plaintiffs incorporate paragraphs 1 through 12 and 17 through 25 above.

19         36.    Throughout the period applicable to this claim for relief, Plaintiffs and the

20   other Covered Employees very frequently worked, and continue to work in excess of forty

21   (40) hours per week and in excess of excess of eight (8) hours per day.

22         37.    Throughout the period applicable to this claim for relief, Defendants did not

23   pay, and continue not to pay Plaintiffs or the other Covered Employees at the required

24   overtime rates for the work described in the preceding paragraph, and as a result Defendants

25   failed to pay them for all hours worked, and failed to pay at least the minimum wage for all

26   hours worked.

27         38.    Pursuant to California Labor Code section 1194, Plaintiffs and the other

28   Covered Employees are entitled to recover unpaid overtime compensation, plus interest, plus

1  attorneys' fees and costs.

2  //

### THIRD CLAIM FOR RELIEF

**(Against All Defendants for Failure to Provide Meal Breaks)**

39.     Plaintiffs incorporate paragraphs 1 through 12 and 17 through 25 above.

40.     Throughout the period applicable to this claim for relief, applicable California law provided, and still provides:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

"(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .

"(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. . . .

41.     Throughout the period applicable to this claim for relief, Defendants routinely failed, and continue to fail to allow and provide the meal breaks required by California law. Therefore Plaintiffs and the other Covered Employees are entitled to be paid as stated in subdivision (D) above, plus interest, attorneys' fees, costs, and other applicable relief.

42.     Throughout the period applicable to this claim for relief, Defendants required and continue to require Plaintiffs and the other Covered Employees to work during meal periods required by the applicable orders of the Industrial Welfare Commission.  Therefore Plaintiffs and the other Covered Employees are entitled to be paid as stated in Labor Code section 226.7.

//

//

//

**FOURTH CLAIM FOR RELIEF**

**(Against All Defendants for Failure to Pay All Wages Upon Ending of Employment)**

43.     Plaintiffs incorporate paragraphs 1 through 12 and 17 through 25 above.

44.     Plaintiffs and many of the other Covered Employees quit or were discharged from their employment within the statute of limitations period applicable to this claim for relief, and others will be.

45.     However, Defendants failed, and continue to fail to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this complaint, nor were they paid the other unpaid wages referred to in this complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

46.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this complaint, each of said employees is entitled to 30 days' wages.

//

**FIFTH CLAIM FOR RELIEF**

**(Against All Defendants, for Failure to Furnish Itemized Statements, in Violation of California Labor Code § 226)**

47.     Plaintiffs incorporate  paragraphs 1 through 12 and 17 through 25 above.

48.     Throughout the period applicable to this claim for relief, Defendants intentionally failed and continue to fail to furnish to Plaintiffs and the other Covered Employees, upon each payment of wages, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

49.     Plaintiffs and the other Covered Employees were damaged by these failures

1    because, among other things, the failures led them to believe that they were not entitled to be

2    paid overtime, even though they were so entitled. and because the failures hindered them

3    from determining the amounts of overtime wages owed to them.

4        50.    Plaintiffs and the other Covered Employees are entitled to the amounts

5    provided for in Labor Code section 226(e), plus costs and attorneys' fees.

6    //

7                            **SIXTH CLAIM FOR RELIEF**

8                            **(Against All Defendants,**

9        **for Violation of California Business and Professions Code §§17200 *et seq.*)**

10       51.    Plaintiffs incorporate all paragraphs above.

11       52.    Plaintiffs bring this action on behalf of each and all members of the general

12   public, including the Covered Employees and Plaintiffs themselves, pursuant to Business and

13   Professions Code sections 17200 *et. seq.*

14       53.    Defendants' conduct alleged above constitutes unlawful business acts and

15   practices in violation of Business & Professions Code sections 17200 *et seq.*

16       54.    Pursuant to Business and Professions Code sections 17200 *et seq.*, for the

17   statute of limitations period covered by this claim for relief, Plaintiffs and the other Covered

18   Employees are entitled to restitution for at least the following: restitution for the unpaid

19   overtime earnings and other unpaid earnings withheld and retained by Defendants referred to

20   above.

21       55.    Plaintiffs and the other Covered Employees and the general public are also

22   entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging

23   in the violations and other misconduct referred to above.

24       56.    Defendants are also liable to pay attorneys' fees pursuant to Code of Civil

25   Procedure section 1021.5 and other applicable law, and costs.

26   //

27   //

28   //

**PRAYER**

WHEREFORE, Plaintiffs pray judgment for themselves and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows, with recoveries totaling no less than $5 million:

A.    For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

B.    For unpaid wages at overtime rates for all overtime work, and unpaid wages for all work for which they were not paid.

C.    For waiting time statutory amounts under Labor Code § 203 for all Covered Employees no longer in Defendants' employ at the time of judgment.

D.    For the amounts provided for in Labor Code § 226(b).

E.    For restitution as described in the claim for relief under Business. & Prof. Code §§17200 *et. seq.* above.

F.    For pre-judgement interest.

G.    For permanent injunctive and declaratory relief described in the claim for relief under Business. & Prof. Code §§17200 *et. seq.* above.

H.    For costs of suit and attorneys' fees under the FLSA and Labor Code section 1194 and other applicable provisions of law outside the Labor Code.

I.    For such other relief as the Court deems just and proper.

February 23, 2005

Ira Spiro
of Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Attorneys for Plaintiffs

15
Complaint

EXHIBIT "A"

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER
## FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former or current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand that I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**       X _William F. Harrison_

**PRINT NAME:**   X _WILLIAM F. HARRISON_

## **CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)**

I am a former OR current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**
X _____

**PRINT NAME:**
X _____CHRIS S. HERR_____

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former OR current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**

X _____

**PRINT NAME:**

X _____Gary L. Hoskins_____

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER
## FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former OR current employee of Bimbo Bakeries USA and/or
Bestfoods Baking Company, Inc. (Both are referred to below as
ABimbo@.)

I consent to my making a claim in a Fair Labor Standards Act (FLSA)
lawsuit, seeking payment of unpaid wages, including overtime wages, and
related relief against Bimbo. The lawsuit will be filed on behalf of a large
number of former and current driver employees of Bimbo, including me.

I understand I will not be named in the court complaint against Bimbo, even
though I am making a claim in the lawsuit, and this form will be filed in the
lawsuit, and, in the terminology of the FLSA law, I will be considered a
Aparty plaintiff.@

I have been informed that it is against the law for Bimbo to retaliate against
me for signing this agreement or participating in the lawsuit.

**Signature:**

X _____

**PRINT NAME:**

X _____Frank Dominguez_____

For further information about this form and the lawsuit, you may contact
attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former or current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand that I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**      X _____

**PRINT NAME:**   X _____

For further information about this form and the lawsuit, you may contact attorneys Ira Spiro or Dennis F. Moss

Spiro Moss Barness Harrison & Barge LLP

11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064

phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former or current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand that I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

Signature:          X _____

PRINT NAME:          X  WAYNE PRIDHAM _____

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former or current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand that I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:** X _____

**PRINT NAME:** X _John D. MADDOX_____

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER FEDERAL FAIR LABOR STANDARDS ACT (FLSA)

I am a former or current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as "Bimbo".)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand that I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a "party plaintiff."

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**        X _____*Charl Bah*_____

**PRINT NAME:**    X ___Charlie Bradaric___

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456

## <u>CONSENT TO MAKE A CLAIM IN LAWSUIT UNDER<br>FEDERAL FAIR LABOR STANDARDS ACT (FLSA)</u>

I am a former OR current employee of Bimbo Bakeries USA and/or Bestfoods Baking Company, Inc. (Both are referred to below as ΑBimbo@.)

I consent to my making a claim in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Bimbo. The lawsuit will be filed on behalf of a large number of former and current driver employees of Bimbo, including me.

I understand I will not be named in the court complaint against Bimbo, even though I am making a claim in the lawsuit, and this form will be filed in the lawsuit, and, in the terminology of the FLSA law, I will be considered a Αparty plaintiff.@

I have been informed that it is against the law for Bimbo to retaliate against me for signing this agreement or participating in the lawsuit.

**Signature:**  X _Thomas R Leonard Jr._

**PRINT NAME:**  X _Thomas R. Leonard JR._

For further information about this form and the lawsuit, you may contact attorneys
Ira Spiro or Dennis F. Moss
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
phone 310-235-2468, fax 310-235-2456