*E-filed 8/24/05*

1  Ira Spiro (SBN 67641)
   Dennis F. Moss (SBN 77512)
2  Rebecca J Sobie (SBN 179562)
   SPIRO MOSS BARNESS HARRISON & BARGE LLP
3  11377 West Olympic Boulevard, Fifth Floor
   Los Angeles, California 90064
4  Telephone:     (310) 235-2468
   Facsimile:     (310) 235-2456
5
   Attorneys for Plaintiffs
6
   Wendy M. Lazerson (SBN 97285)
7  Carolyn B. Hall (SBN 212311)
   BINGHAM MCCUTCHEN LLP
8  1900 University Avenue
   East Palo Alto, California 94303-2223
9  Telephone:     (650) 849-4400
   Facsimile:     (650) 849-4800
10
   Attorneys for Defendants
11 BIMBO BAKERIES USA, INC.
   and GEORGE WESTON BAKERIES, INC.
12

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16 THOMAS LEONARD, et al.,          | No. C 05 00829 JW

17              Plaintiffs,          | **STIPULATED PROTECTIVE ORDER**
        v.                          | as amended
18 BIMBO BAKERIES USA, INC., et al.,

19              Defendants.

20

21    1.    **PURPOSES AND LIMITATIONS**

22          Disclosure and discovery activity in this action are likely to involve production of

23 confidential, proprietary, or private information for which special protection from public

24 disclosure and from use for any purpose other than prosecuting this litigation would be

25 warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

26 following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

1

1  blanket protections on all disclosures or responses to discovery and that the protection it affords

2  extends only to the limited information or items that are entitled under the applicable legal

3  principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

4  10, below, that this Stipulated Protective Order creates no entitlement to file confidential

5  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

6  and reflects the standards that will be applied when a party seeks permission from the court to

7  file material under seal.

8  **2.      DEFINITIONS**

9  **2.1.    Party:**  any party to this action, including all of its officers,

10  directors, employees, consultants, retained experts, and outside counsel (and their support

11  staff).

12  **2.2.    Disclosure or Discovery Material:**  all items or information,

13  regardless of the medium or manner generated, stored, or maintained (including, among

14  other things, testimony, transcripts, or tangible things) that are produced or generated in

15  disclosures or responses to discovery in this matter.

16  **2.3.    "Confidential" Information or Items:**  information (regardless of

17  how generated, stored or maintained) or tangible things that qualify for protection under

18  standards developed under F.R.Civ.P. 26(c).

19  **2.4.    "Highly Confidential — Attorneys' Eyes Only" Information or**

20  **Items:**  extremely sensitive "Confidential Information or Items" whose disclosure to

21  another Party or nonparty would create a substantial risk of serious injury that could not be

22  avoided by less restrictive means.

23  **2.5.    Receiving Party:**  a Party that receives Disclosure or Discovery

24  Material from a Producing Party.

25  **2.6.    Producing Party:**  a Party or non-party that produces Disclosure or

26  Discovery Material in this action.

2

1       **2.7.**   **Designating Party:** a Party or non-party that designates

2 information or items in disclosures, or in responses to discovery, or in pre-trial or trial

3 proceedings, including depositions, as "Confidential" or "Highly Confidential —

4 Attorneys' Eyes Only or asserts that documents, material or other matters are Protected

5 Material."

6       **2.8.**   **Protected Material:** any Disclosure or Discovery Material that is

7 designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

8       **2.9.**   **Outside Counsel:** attorneys who are not employees of a Party but

9 who are retained to represent or advise a Party in this action.

10       **2.10.**   **House Counsel**: attorneys who are employees of a Party.

11       **2.11.**   **Counsel (without qualifier):** Outside Counsel and House Counsel

12 (as well as their support staffs).

13       **2.12.**   **Expert:** a person with specialized knowledge or experience in a

14 matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

15 an expert witness or as a consultant in this action and who is not a past or a current

16 employee of a Party or of a competitor of a Party's and who, at the time of retention, is not

17 anticipated to become an employee of a Party or a competitor of a Party's.  This definition

18 includes a professional jury or trial consultant retained in connection with this litigation.

19       **2.13.**   **Professional Vendors:** persons or entities that provide litigation

20 support services (e.g., photocopying; videotaping; translating; preparing exhibits or

21 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

22 employees and subcontractors.

23     **3.**    **SCOPE**

24       The protections conferred by this Stipulation and Order cover not only Protected

25 Material (as defined above), but also any information copied or extracted therefrom, as well as

26 all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

1   presentations by parties or counsel to or in court or in other settings that might reveal Protected

2   Material.

3       **4.      DURATION**

4           Even after the termination of this litigation, the confidentiality obligations

5   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

6   or a court order otherwise directs.

7       **5.      DESIGNATING PROTECTED MATERIAL**

8           **5.1      Exercise of Restraint and Care in Designating Material for Protection**.

9   Each Party or non-party that designates information or items for protection under this Order must

10  take care to limit any such designation to specific material that qualifies under the appropriate

11  standards.  A Designating Party must take care to designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify - so that other

13  portions of the material, documents, items, or communications for which protection is not

14  warranted are not swept unjustifiably within the ambit of this Order.

15          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

17  unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19          If it comes to a Party's or a non-party's attention that information or items that it

20  designated for protection do not qualify for protection at all, or do not qualify for the level of

21  protection initially asserted, that Party or non-party must promptly notify all other parties that it

22  is withdrawing the mistaken designation.

23          **5.2      Manner and Timing of Designations**.  Except as otherwise provided in

24  this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

25  ordered, material that qualifies for protection under this Order must be clearly so designated

26  before the material is disclosed or produced.

4

PA/52167006.1

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (apart from transcripts of

3    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the

5    top of each page that contains protected material.  If only a portion or portions of the material on

6    a page qualifies for protection, the Producing Party also must clearly identify the protected

7    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

8    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

9    CONFIDENTIAL — ATTORNEYS' EYES ONLY").

10    A Party or non-party that makes original documents or materials available

11    for inspection need not designate them for protection until after the inspecting Party has

12    indicated which material it would like copied and produced.  During the inspection and before

13    the designation, all of the material made available for inspection shall be deemed "HIGHLY

14    CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified

15    the documents it wants copied and produced, the Producing Party must determine which

16    documents, or portions thereof, qualify for protection under this Order, then, before producing

17    the specified documents, the Producing Party must affix the appropriate legend

18    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the

19    top of each page that contains Protected Material.  If only a portion or portions of the material on

20    a page qualifies for protection, the Producing Party also must clearly identify the protected

21    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

22    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

23    CONFIDENTIAL — ATTORNEYS' EYES ONLY").

24    (b)    for testimony given in pretrial or trial proceedings other than

25    depositions, that the Producing Party or Designating Party identify on the record, before the close

26    of the, hearing, or other proceeding, all protected testimony, and further specify any portions of

5

1   the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2   When it is impractical to identify separately each portion of testimony that is entitled to

3   protection, and when it appears that substantial portions of the testimony may qualify for

4   protection, the Producing Party or Designating Party may invoke on the record (before the

5   deposition or proceeding is concluded) a right to have up to 20 days to notify all other parties in

6   writing of the specific portions of the testimony as to which protection is sought and to specify

7   the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

8   ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

9   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

10  Protective Order.

11           Transcript pages containing Protected Material must be separately bound

12  by the court reporter, who must affix to the top of each such page the legend

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as

14  instructed by the Producing  or Designating Party.

15           (c)     For testimony given in any deposition taken in this Action, where a

16  Designating Party desires to designate such deposition testimony as Confidential Information,

17  the deposition testimony shall be initially designated as Confidential Information by oral

18  designation on the record.  The Designating Party shall then have three (3) business days from

19  receipt of the court reporter's "rough draft" of the deposition transcript in which to de-designate

20  the deposition testimony, or portions of the deposition testimony, where such testimony is not

21  appropriate for designation as Confidential Information.

22           Transcript pages containing Protected Material must be separately bound

23  by the court reporter, who must affix to the top of each such page the legend

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as

25  instructed by the Designating Party.

26           (d)     for information produced in some form other than documentary,

STIPULATED PROTECTIVE ORDER – CASE NO. 05-00829 (JW)

1   <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the

2   exterior of the container or containers in which the information or item is stored the legend

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only

4   portions of the information or item warrant protection, the Producing Party, to the extent

5   practicable, shall identify the protected portions, specifying whether they qualify as

6   "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

7         **5.3**     **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent

8   failure to designate qualified information or items as "Confidential" or "Highly Confidential —

9   Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

10   protection under this Order for such material.  If material is appropriately designated as

11   "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially

12   produced, the Receiving Party, on timely notification of the designation, must make reasonable

13   efforts to assure that the material is treated in accordance with the provisions of this Order.

14       **6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15         **6.1**     **Timing of Challenges**.  Unless a prompt challenge to a Designating

16   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

17   unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

18   does not waive its right to challenge a confidentiality designation by electing not to mount a

19   challenge promptly after the original designation is disclosed.

20         **6.2**     **Meet and Confer**.  A Party that elects to initiate a challenge to a

21   Designating Party's confidentiality designation must do so in good faith and must begin the

22   process by conferring directly (in voice to voice dialogue; other forms of communication are not

23   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

24   explain the basis for its belief that the confidentiality designation was not proper and must give

25   the Designating Party an opportunity to review the designated material, to reconsider the

26   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

1   designation.  A challenging Party may proceed to the next stage of the challenge process only if

2   it has engaged in this meet and confer process first.

3              **6.3     Judicial Intervention**.  A Party that elects to press a challenge to a

4   confidentiality designation after considering the justification offered by the Designating Party

5   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7   challenge.  Each such motion must be accompanied by a competent declaration that affirms that

8   the movant has complied with the meet and confer requirements imposed in the preceding

9   paragraph and that sets forth with specificity the justification for the confidentiality designation

10  that was given by the Designating Party in the meet and confer dialogue.

11             The burden of persuasion in any such challenge proceeding shall be on the

12  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation.

15      **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

16             **7.1     Basic Principles**.  A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a non-party in connection with this case only for

18  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19  disclosed only to the categories of persons and under the conditions described in this Order.

20  When the litigation has been terminated, a Receiving Party must comply with the provisions of

21  section 11, below (FINAL DISPOSITION).

22             Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized

24  under this Order.

25

26

STIPULATED PROTECTIVE ORDER – CASE NO. 05-00829 (JW)

1         **7.2.**    **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless

2   otherwise ordered by the court or permitted in writing by the Designating Party, a

3   Receiving Party may disclose any information or item designated CONFIDENTIAL only

4   to:

5         (a)    the Receiving Party's Outside Counsel of record in this action, as

6   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

7   for this litigation; the Outside Counsel shall give written instructions to its employees to comply

8   with the provisions of the Protective Order as set forth in the "Agreement to Be Bound by

9   Protective Order" that is attached hereto as Exhibit A;

10         (b)    the officers, directors, and employees (including House Counsel)

11   of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

12   have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

13         (c)    experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this litigation; the Receiving Party shall give written

15   instructions to its experts to comply with the provisions of the Protective Order as set forth in the

16   "Agreement to Be Bound by Protective Order" (Exhibit A);

17         (d)    the Court and its personnel;

18         (e)    court reporters, their staffs, and professional vendors to whom

19   disclosure is reasonably necessary for this litigation; the Receiving Party shall give written

20   instructions to its experts to comply with the provisions of the Protective Order as set forth in the

21   "Agreement to Be Bound by Protective Order" (Exhibit A);

22         (f)    during their depositions, witnesses in the action to whom

23   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

24   Protective Order" (Exhibit A), except that said Agreement need not be signed by any deposition

25   witness who is a Producing Party or an employee, officer, director of a Producing Party.  Pages

26   of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must

9

1    be separately bound by the court reporter and may not be disclosed to anyone except as permitted

2    under this Stipulated Protective Order.

3                    (g)      the author of the document or the original source of the

4    information.

5           **7.3.**     **Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS'**

6    **EYES ONLY" Information or Items**.   Unless otherwise ordered by the court or

7    permitted in writing by the Designating Party, a Receiving Party may disclose any

8    information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

9    ONLY" only to:

10                 (a)      the Receiving Party's Outside Counsel of record in this action, as

11    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

12    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

13    attached hereto as Exhibit A;

14                 (b)      Experts (as defined in this Order) (1) to whom disclosure is

15    reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

16    Protective Order" (Exhibit A);

17                 (c)      House Counsel of a Receiving Party (1) who has no involvement

18    in competitive decision-making or in patent prosecutions involving matters at issue in the Action

19    (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the

20    "Agreement to Be Bound by Protective Order" (Exhibit A)

21                 (d)      the Court and its personnel;

22                 (e)      court reporters, their staffs, and professional vendors to whom

23    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

24    Bound by Protective Order" (Exhibit A); and

25                 (f)      the author of the document or the original source of the

26    information.

PA/52167006.1

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material- and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

11

1   the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

2   and Agreement to Be Bound" that is attached hereto as Exhibit A.

3        **10.**    **FILING PROTECTED MATERIAL**

4        Without written permission from the Designating Party or a court order secured

5   after appropriate notice to all interested persons, a Party may not file in the public record in this

6   action any Protected Material.  A Party that seeks to file under seal any Protected Material must

7   comply with Civil Local Rule 79-5.  ~~However, a Party may lodge (deliver) Protected Material~~

8   ~~with the Court, without filing the Protected Material, provided the LODGED Protected material~~

9   ~~is properly identified and marked as " CONFIDENTIAL" OR "ATTORNEYS EYES ONLY~~

10  ~~CONFIDENTIAL"~~

11        **11.**    <u>**FINAL DISPOSITION**</u>

12        Unless otherwise ordered or agreed in writing by the Producing Party, within

13  sixty days after the final termination of this action, each Receiving Party must return all

14  Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

15  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

16  capturing any of the Protected Material.  With permission in writing from the Designating Party,

17  the Receiving Party may destroy some or all of the Protected Material instead of returning it.

18  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

19  written certification to the Producing Party (and, if not the same person or entity, to the

20  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

21  the Protected Material that was returned or destroyed and that affirms that the Receiving Party

22  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

23  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

24  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

25  correspondence or attorney work product, even if such materials contain Protected Material.

26  Any such archival copies that contain or constitute Protected Material remain subject to this

1    Protective Order as set forth in Section 4 (DURATION), above.

2        **12.**     **MISCELLANEOUS**

3            **12.1.**   **Right to Further Relief**.  Nothing in this Order abridges the right of

4    any person to seek its modification by the Court in the future.

5            **12.2.**   **Right to Assert Other Objections**.  By the entry of this Protective

6    Order no Party waives any right it otherwise would have to object to disclosing or

7    producing any information or item on any ground not addressed in this Stipulated

8    Protective Order.  Similarly, no Party waives any right to object on any ground to use in

9    evidence of any of the material covered by this Protective Order.

10

11    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13    DATED:  _____August 12, 2005_____      _____/s/_____

14                                                 Ira Spiro
                                           Attorneys for Plaintiffs

15    DATED:  _____August 12, 2005_____      _____/s/_____

16                                                 Wendy M. Lazerson
                                         Attorneys for Defendants

17

18    PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20    DATED: __8/24/05_____      _____/s/ Howard R. Lloyd_____

21                                               Hon. ~~James Ware~~ Howard R. Lloyd
                                         United States ~~District~~ Judge
                                                Magistrate

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – CASE NO. 05-00829 (JW)

PA/52167006.1

1              EXHIBIT A

2        ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4          I, _____ [print or type full name], of _____ [print

5    or type full address], declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States District Court for

7    the Northern District of California on [date] in the case of Thomas Leonard et al. v. Bimbo

8    Bakeries USA, Inc. et al., Case No. 05-00829 (JW).  I agree to comply with and to be bound by

9    all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

10   so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

11   promise that I will not disclose in any manner any information or item that is subject to this

12   Stipulated Protective Order to any person or entity except in strict compliance with the

13   provisions of this Order.

14          I further agree to submit to the jurisdiction of the United States District Court for

15   the Northern District of California for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this action.

17          I hereby appoint _____ [print or type full name of _____

18   _____ [print or type full address and telephone number] as my California agent

19   for service of process in connection with this action or any proceedings related to enforcement of

20   this Stipulated Protective Order.

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____
                          [printed name]
24   Signature: _____
                          [signature]
25

26