IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Thomas Leonard, et al., | NO. C 05-00829 JW |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO SHORTEN TIME FOR FILING OF PROPOSED NOTICES** |
| Bimbo Bakeries USA, Inc., et al., | |
| Defendants. | |

In the Court's December 27, 2005 Order Granting in Part Plaintiffs' Motion to Facilitate Class (Docket Item No. 89), the Court ordered the parties to file proposed class notices on or before March 10, 2006. Plaintiffs filed a motion on February 6, 2006 to shorten time for filing these proposed class notices, and suggested a deadline of three days following an order shortening time. In support of their Motion, Plaintiffs contend that they will suffer harm and prejudice in preparing motions for summary judgment currently set for September 11, 2006, and harm and prejudice based on the running of the statute of limitations.

As to potential for harm and prejudice in preparing the motions for summary judgment, the Court notes that at the hearing before the Court on November 21, 2005, it was counsel for Plaintiffs who requested a September 2006 date for filing of the motions for summary judgment. In their motion presently before the Court, Plaintiffs contend that their ability to prepare a motion for summary judgment is impaired by Defendants' refusal to participate in meaningful discovery. This Court has already set the contours of the class in its prior Orders and expects discovery to proceed

according to the applicable rules. All parties should take seriously their discovery obligations, and their obligation to not engage in dilatory tactics. To the extent that the parties disagree on discovery issues, the Court refers the parties to Magistrate Judge Lloyd, the Magistrate Judge assigned to this case.

As to the potential for harm and prejudice regarding the statute of limitations, Plaintiffs contend that potential class members will be barred from this case as the statute of limitations continues to run. An action under the FLSA is considered commenced when an individual plaintiff is either named in the complaint or the individual plaintiff files a written consent to join the action. 29 U.S.C. § 256. However, Plaintiffs acknowledge that "the parties agreed to a tolling of the FLSA statute of limitations for all persons who have not yet filed consents; however the tolling agreement was effective only to...December 27, 2005." (Plaintiffs' Motion at 4:26-28.) If, by agreement between the parties, all claims have been tolled up until December 27, 2005, the one month period between February 2006 to March 2006 does not appear to affect whether class claims would be time-barred.

The Court is cognizant of Plaintiffs desire to move the case forward. However, the Court believes that the schedule, having already been set and not objected to in the past month, permits the parties adequate time to carefully craft their proposed notices. Should the parties wish to file a joint proposed notice before March 10, 2006, the parties may so file.

Dated: February _8__, 2006

05eciv829shortentime

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Carolyn Blecha Hall carolyn.hall@bingham.com
Dennis Frank Moss dennisfmoss@yahoo.com
Elizabeth Jean Carroll betsy.carroll@bingham.com
Rebecca Sobie rsobie@smbhblaw.com
Robert Ira Spiro ispiro@smbhblaw.com
Wendy M. Lazerson wendy.lazerson@bingham.com

**Dated: Feb. 9, 2006**                                              **Richard W. Wieking, Clerk**

                                                    **By:___/s/JW Chambers_____**
                                                         **Melissa Peralta**
                                                         **Courtroom Deputy**