Ira Spiro, State Bar No. 67641
Dennis F. Moss, State Bar No. 77512
Spiro Moss Barness & Barge LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Telephone:   310-235-2468
Fax:         310-235-2456
email        ispiro@smbhblaw.com
email        dennisfmoss@yahoo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LEONARD, CHARLIE BRADARIC, GARY HOSKINS, LARRY BRIAN NEWMAN, JR., CHRIS HERR, and WILLIAM F. HARRISON, each of them individually, and on behalf of: all others similarly situated, the general public, and similarly situated current and former employees of Defendants.<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC., BESTFOODS BAKING COMPANY, and DOES 1 through 10,<br><br>Defendants. | CASE NO. C05 00829 JW (HRL)<br><br>Assigned to the Hon. JAMES WARE<br><br>Magistrate Howard R. Lloyd<br><br>**NOTICE OF MOTION AND MOTION:**<br>**(1) FOR ATTORNEY'S FEES AND COSTS PURSUANT TO FRCP 32© )(2) FOR MOTION TO COMPEL FURTHER RESPONSES AND DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHERINE ODENBREIT, COUNSEL FOR PLAINTIFFS; [PROPOSED] ORDER**<br><br>Exhibits in Support of Motion Filed Concurrently<br><br>[Proposed] Order Lodged Concurrently<br><br>DATE: January 9, 2007<br>TIME:  10:00 a.m.<br>COURTROOM: 2 |

1

Plaintiffs' Motion for Attorneys' Fees and Costs   —   Case No. C05 00829 JW (HRL)

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2007, at 10:00 a.m. in Courtroom 2 of this Court, located at 280 South 1st Street, San Jose, CA 95113, plaintiffs Thomas Leonard, Charlie Bradaric, Gary Hoskins, Larry Brian Newman, Jr., Chris Herr and William F. Harrison, for themselves and on behalf of all others similarly situated, will move as follows:

(1) For an order that Defendants pay to Plaintiffs the sum of $17, 925.00 as reasonable costs and attorney fees incurred by the moving party in connection with Plaintiffs' Motion to Compel Further Responses and for a Determination of Sufficiency of Responses to Plaintiffs' First Set of Requests for Admissions, filed concurrently herewith.

This motion is based on the grounds that Defendants' continued refusal to properly respond to this set of requests for admissions and a revised set of requests for admissions submitted after the parties met and conferred is without justification and attorneys' fees and costs are provided under Federal Rule of Civil Procedure rules 37(a)(3) and 37( c)(2).

This motion is based on this Notice, the Memorandum of Points and Authorities and declaration below, the concurrently-filed exhibits including the [Proposed] Order, Plaintiffs' Motion to Compel Further Responses and for Determination of Sufficiency of Defendant's Responses to Plaintiffs Requests for Admissions, and such other matters as may be presented by the moving parties.

December 5, 2006                    SPIRO MOSS BARNESS & BARGE LLP

_____
Katherine J. Odenbreit
Attorneys for Plaintiffs

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Asea, Inc. v. Southern Pac. Transp. Co.
  (9th Cir.1981) 669 F.2d 1242, 1245 .................................................. 10

Booth Oil Site Administration v. Safety-Kleen Corp.
  (WDNY 2000) 194 FRD 76, 79 ....................................................... 10

Comeaux v. Brown & Williamson Tobacco Co.
  (9th Cir. 1990) 915 F.2d 1264, 1275 ................................................. 12

Conversive, Inc. v. Conversagent, Inc.
  (C.D.Cal. 2006) 433 F.Supp.2d 1079, 1086 fn 8 ................................. 12

Dubin v. E.F. Hutton Group, Inc.
  (SDNY 1989) 125 FRD 372, 375 ..................................................... 11

Englund v. Los Angeles County
  (EDCal. 2006) 235 FRD 675, 683 ................................................ 10, 11

Henry v. Champlain Enterprises, Inc.
  (NDNY 2003) 212 FRD 73, 77 ......................................................... 11

Holmgren v. State Farm Mutual Automobile Insurance Company
  (9th Cir.1992) 976 F.2d 573 ............................................................ 7, 9

Marchand v. Mercy Medical Center
  (9th Cir. Id.1994) 22 F.3d 933, 936 ........................................... 6, 7, 9-11

**FEDERAL STATUTES**

29 U.S.C. §216(b) .................................................................................. 1

**FEDERAL RULES**

F.R.C.P. 36 ........................................................................................... 3

Fed.R.Civ.P. 26 ..................................................................................... 9

Federal Rules of Evidence 901(a) .................................................. 2, 3

FRCP 36(a) ............................................................................ 10

**STATE RULES**

Federal Rule of Civil Procedure 37( ............................................. 6

Federal Rule of Civil Procedure Rule 36(a) .................................... 6

Federal Rule of Civil Procedure rules 37(a)(3) ............................... 2

Federal Rule of Evidence 901(a) ................................................. 2

Federal Rule of Procedure 36 ..................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED.

Whether defendants' objections to plaintiffs' first request for admissions, second version were insufficient to justify defendant's failure to admit or deny plaintiffs' requests.

## II. INTRODUCTION

This action is for overtime wages, minimum wages, and other wage-related relief for current and former employees of defendants with the job titles "Driver-Salesman" and/or "Route Salesman."

On December 27, 2005, this Court issued an order conditionally certifying a class under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), pursuant to plaintiffs' Motion to Facilitate Notice and Conditional Certification ("Motion for Notice") under the FLSA.

At a case management conference on October 3, 2005, the Court scheduled a date in the summer of 2006 for the hearing of motions, following discovery, on the merits of defendants' affirmative defenses, which are claimed exemptions to the laws requiring overtime and minimum wages. By stipulation and order, the hearing was continued to March 5, 2007.

On October 8, 2006, plaintiffs served a request for admissions on defendants. Defendant's first response contained primarily objections and only admissions or denials to 3 out of 88 requests which sought to determine the genuineness of documents and the accuracy of statements contained in documents produced by defendant in this action. .

The motion is particularly important at this juncture, because the parties are required to each file their respective Motions for Summary Judgment on January 16, 2007 and plaintiffs believe that defendant's responses to their requests for admissions will substantially narrow the issues that will be required to be resolved by the Court in conjunction with these motions. This will result in the reduction of time and costs for both the parties and the Court.

## III. SUMMARY OF DISCOVERY DISPUTE.

Defendant's responses to Plaintiffs' request for admissions, set one and a second version. Briefly stated, this motion is necessitated by:

(a) evasive responses to the requests for admissions in that the responses did not

1

specify the reasons defendant was unable to admit or deny, contrary to Fed. Rule of Civ. Proced., Rule 36(a);

(b) after the parties met and conferred on defendant's initial responses to plaintiffs' requests for admissions and agreed on certain verbiage, plaintiffs submitted a revised set of request for admissions to which defendant refused to respond asserting only objections to the agreed upon language; and

( c ) defendant asserted additional objections not previously asserted, to plaintiffs' revised request for admissions where there was no substantive change to the request. Plaintiffs contend defendant waived those additional objections by not asserting them in response to the initial request for admissions.

(d) defendant's reliance on vague, ambiguous and unintelligible objections to justify not providing a response is not sufficient and frustrates the purpose of Federal Rule of Procedure 36.

Plaintiffs served defendant with Request for Admissions, set one, on October 8, 2006. (Odenbreit decl. ¶2, Exhibit 1, plaintiffs' first request for admissions). These requests primarily sought to determine the genuineness of documents produced in this action and the accuracy of their contents. The majority of the requests asked defendant to admit that documents produced by defendant with a stated bates stamp range, were "...authentic under Federal Rule of Evidence 901(a)". (Odenbreit Decl. ¶2 Exhibit 1). Defendant responded with an admission or denial to only 3 out of 88 requests. (Odenbreit Decl. ¶ 3 Exhibit 2: Defendant's responses to plaintiffs' first request for admissions, dated November 14, 2006). Defendant objected as "vague and ambiguous" the term "authentic under Federal Rules of Evidence 901(a)".

Other requests sought defendant to admit to the meaning of the document as it relates to the policies of defendant. (Odenbreit Decl., Exhibit 1). Defendant also objected to these requests as "vague and ambiguous" to terms such as "accurately true" and "shown to".[1]

---

[1] Odenbreit Decl., Exhibit 1: Plaintiffs' First Set of Requests for Admission, request nos. 15, 17, 18, 21, 24, 28, 42, 44, 46, 50, 51, 58, 61, 63, 65, 67, 73, 76, 78. 80, 85 and 87.

On November 17, 2006, the parties participated in a telephone call to meet and confer regarding defendant's responses to plaintiffs' request for admissions. (Odenbreit Decl. ¶ 4). The focus of the conference call was to clarify what was meant by plaintiffs' request and have defendant provide supplemental responses whereby they would admit or deny. The following was agreed by the parties upon the conclusion of the conference call:

1. Plaintiffs would submit revised requests for admissions and defendant would provide a response within 10 days.

2. The requests which contained the language "authentic under Federal Rules of Evidence 901(a)" would be changed to "is genuine under F.R.C.P. 36".

3. Defendant's objected to certain requests containing a range of bates numbers, as not encompassing one complete document. Although plaintiffs indicated to defendant that they did not believe that was a requirement, and defendant cited to no authority supporting this position, in the interest of compromise plaintiffs agreed to attempt to verify whether or not the bates ranges provided in the initial requests encompassed a complete document. However, plaintiffs informed defendant that they were referring to documents in the order they were produced by defendant, and therefore, if the document was not complete, it could be that they were not produced in that manner if it was not apparent upon a review of the document.

4. Some of plaintiffs' initial requests asked defendant to admit that the contents of certain documents were "accurately true". Defendant objected to this term as vague and ambiguous. Defendant agreed to respond to the request if it stated either "accurate" or "true".

5. Plaintiffs' initial requests asked for defendant to admit that the contents of certain documents "states policy of Bimbo Bakeries USA, Inc." Plaintiffs clarified that this request was seeking an admission that the contents of the documents constituted a policy utilized by defendant during the indicated time period. Defendants agreed to supplement these responses.

6.     Plaintiffs' initial requests asked for defendant to admit that certain documents were "shown to" class members at some point during the class period. Defendant objected as vague and ambiguous the term "shown to". The parties agreed at defendant's suggestion, that the term be changed to "made available". (Odenbreit Decl. ¶4).

On November 18, 2006, plaintiffs served on defendant via facsimile, a revised set of Requests for Admissions reflecting the changes agreed upon in the conference call on November 17, 2006. (Odenbreit Decl. ¶ 5, Exhibit 3: Plaintiffs' First Request for Admissions, Second Version).

On November 28, 2006, defendant served their responses to plaintiffs' second version of the request for admissions. (Odenbreit Decl. ¶ 6, Exhibit 4: Defendant's Responses to Plaintiffs' First Set of Requests for Admission, Second Version). Although defendant did respond with an admission or denial to 55 of the requests asking defendant to admit the genuineness of certain documents, plaintiffs were dismayed to note that defendant again objected and provided no response to those requests for which the parties agreed upon the revised language in 33 requests for admissions. Each request that changed the term "shown to" to "made available to" as suggested by defendant, was objected to as vague, ambiguous and unintelligible as to the term "made available to".[2] Defendant was the one who suggested this term during the meet and confer process. (Odenbreit Decl. ¶ 4).[3] Even though defendant later withdrew this objection, they still failed to respond to the requests resting on objections asserted for the first time in their revised responses.[4]

Each request that was changed to include the term "accurate" or "true" in place of "accurately true" was objected to by defendant as vague and ambiguous and no response was provided on this

---

[2] See Odenbreit Decl., Exhibit 4: Defendant's Responses to Plaintiffs' First Request for Admissions, Revised Version: Responses to request nos. 21, 24, 28 and 44.

[3] Defendant withdrew this objection in their letter sent to plaintiffs at approximately 4:45 p.m. the day before plaintiffs were to file this motion.

[4] Odenbreit Decl., Exhibit 4: Defs' Responses to Plaintiffs First Request for Admissions Second Version, request nos. 18, 21, 24, 28, and 44.

4

basis.[5]

Defendant also continued to assert only objections to those categories containing reference to a bates range of documents defendant claims did not encompass one complete document.[6]

Equally surprising to plaintiffs' was the fact defendant asserted additional objections to requests for which only one term or phrase had been changed and which defendant did not mention in the phone call between the parties on November 17, 2006.[7] For example, in several requests, plaintiffs sought an admission that described policies were in effect "at least some of the time", referring to part of the class period. Defendant asserted no objection to this term in their initial responses. In defendant's responses to the revised requests, defendant objected to the term as vague, ambiguous and unintelligible.[8]

On November 30, 2006, plaintiffs sent a letter to defendant via email and facsimile reminding defendant of the agreements reached in the previous telephone conversation and inviting defendant to meet and confer once again. The letter requested defendant to inform plaintiff by noon the next day whether or not they would provide supplemental responses or else plaintiffs would be forced to file a motion to compel by Tuesday, December 5, 2006 in order to have it heard prior to the deadline for filing cross-motions for summary judgment, which is January 16, 2006.[9] (Odenbreit Decl. ¶ 7). When no response was made by defendants by noon December 1, 2006, plaintiffs made several attempts to contact defendant to resolve these issues. (Odenbreit Decl. ¶ 8). Plaintiffs finally

---

[5] See Odenbreit Decl., Exhibit 4: Defendant's Responses to Plaintiffs First Request for Admissions, Revised Version: Responses to request nos. 15, 17, 42, 46, 50, 51, 58, 61, 63, 65, 67, 73, 76, 78, 80, 85, and 87.

[6] See Odenbreit Decl., Exhibit 4: Defendant's Responses to Plaintiffs First Request for Admissions, Revised Version: Responses to request nos. 9, 9A, 67, 72, 73, 78, 84, 85, 86 and 87.

[7] See Odenbreit Decl., Exhibit 4: Defendant's Responses to Plaintiffs First Request for Admissions, Revised Version: Responses to request nos. 15, 17, 18, 20, 21, 23, 24, 27, 30, 31, 34, 36, 38, 42, 44, 50, 51, 58, 59, 61, 63, 65, 67, 73, 76, 78, 80, 81, 83, 85.

[8] Odenbreit Decl., Exhibits 2 and 4: Defs Responses to Plaintiffs First Set of Request for Admissions and Second Version, request nos. 15, 17, 21, 23, 24, 30, 32, 36, 38, 44, 58, 59, 61, 63, 65, 67, 76, 78, 80, 81, 83 and 85.

[9] Plaintiffs last day to file their motion to compel is December 5, 2006 in order for these issues to come before the Court prior to the January 16, 2007 deadline for filing their motion for summary judgment. The hearing date for this motion will be January 9, 2007.

5

received a response via facsimile at 4:45 p.m. December 4, 2006. The letter indicated that defendants agreed to withdraw some of the objections, but there was no indication defendant would supplement their responses to any of the 33 request for admissions for which they failed to answer.[10] Plaintiffs informed defendant that because there was no indication defendant would supplement their responses, plaintiffs would have no choice but to file the motion to compel in order to have these issues resolved prior to the deadline for filing their motion for summary judgment.[11]

## IV. LEGAL ARGUMENT.

Federal Rule of Civil Procedure Rule 36(a) provides: "A party may serve upon any other party a written request for admission for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to *statements* or opinions of fact or of the application of law to fact, including the *genuineness of any documents* described in the request. [emphasis added].

Most of plaintiffs' Requests for Admission were an attempt to determine the genuineness of documents and the accuracy of the statements contained in certain documents in an effort to reduce the number of evidentiary issues to be brought before the Court in the upcoming summary judgment motions. Defendant's responses attempt to undermine that process and create more issues to be brought before the Court for resolution, which is contrary to the purpose behind Rule 36.

### A. Defendant's Evasion and Word Play in Their Responses to Plaintiffs' Request for Admissions Warrants Sanctions under Rule 37(c))

Federal Rule of Civil Procedure 37( c) provides:

"If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorneys' fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) ) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good

---

[10] Odenbreit Decl., ¶ 7.

[11] Odenbreit Decl., ¶ 7

reason for failure to admit."

"The Rule mandates an award of expenses unless an exception applies." (Marchand v. Mercy Medical Center (9th Cir. Id.1994) 22 F.3d 933, 936). In Marchand the court awarded sanctions in the form of attorneys' fees and costs where defendant persisted in objecting to requests for admissions as "compound, ambiguous and vague". (Id. at 938). The court found that the responding party should have set forth in detail, the reasons why they could they could not admit or deny the matter and suggested defendant should have worked with the propounding party to agree on the exact wording of the request or a stipulation. (Id. at 938). According to the court, the consequences for not taking these steps justified sanctions. "He did neither, relying on unfounded objections to the wording, instead of admitting the uncontestable question:..." (Id.) The court further expressed frustration with the evasive responses by stating "...to aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of the request may not be admitted." (Id.)

In Holmgren v. State Farm Mutual Automobile Insurance Company (9th Cir.1992) 976 F.2d 573, the court upheld an award to the propounding party sanctions for evasive and hyper technical responses to requests for admissions. When defendant complained, the court boldly stated "But State Farm brought these sanctions upon itself by treating discovery as a game instead of a serious matter. '[W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." (Id. at 579-580, citing to Fed.R.Civ.P. 36(a)).

The requests for admission responses in Holmgren are similar to those provided by defendant in this case. In Holmgren the plaintiffs sought admissions to issues of causation in a tort claim. Defendant in that case asserted vague and ambiguous objections and then overqualified their denials by playing with the words. (Holmgren at 580-581). In this case, defendant Bimbo Bakeries asserts vague and ambiguous objections to verbiage they already agreed upon.[12] In addition, defendant claims they cannot possibly provide a response without describing in detail the reasons they cannot

---

[12] Odenbreit Decl., ¶ 4

admit or deny.[13]

For example, defendant claims it cannot respond to plaintiffs' request number 27, even after plaintiffs further clarified the request in the revisions and again in response to defendant's newly asserted objections.[14]

<u>Plaintiffs' Original Request No. 27:</u>   Admit that the document produced by defendant in discovery in this action, bearing control number BBU 01075, states policy of Bimbo Bakeries USA, Inc. in effect in California during at least some of the time after February 27, 2002, with respect to RSRs employed in California.

Defendant objected as "vague, ambiguous and unintelligible" to the phrase "states policy of Bimbo Bakeries USA, Inc." and as compound.[15]  During the parties' meet and confer session, plaintiffs clarified what "states policy" meant, and defendant agreed to supplement their response.

<u>Plaintiffs' Request No. 27 Second Version:</u>   Admit that the document produced by defendant in discovery in this action, bearing control number BBU 01075, states policy of Bimbo Bakeries USA, Inc., applicable to at least some RSRs during at least some of the time after February 24, 2002.

Defendant's revised response not only asserted a vague and ambiguous objection to "policy", but also they now objected to "at least some of the time", which was contained within plaintiffs' original requests.[16]  Defendant further objected that the revised request could encompass RSRs outside the state of California.  Based on that objection, plaintiffs agreed to limit the request to RSRs working inside California.[17]

Defendant still refused to respond. In their letter to plaintiffs sent the eve before this motion was to be filed, defendant made no attempt to supplement their response:

"<u>Request No. 27</u>:  Plaintiffs' limitation of the applicability of this Request to RSRs in California addresses the over breadth issue respecting this request and BBU thus withdraws the over

---

[13]  Odenbreit Decl., ¶ 10

[14]  Odenbreit Decl., ¶ 7

[15]  See Statement of Discovery In Dispute, Request No. 27, filed concurrently herewith.

[16]  See Statement of Discovery In Dispute, Request No. 27, filed concurrently herewith.

[17]  Odenbreit Decl., ¶ 7

breadth objection. BBU preserves all other objections made respecting this Request."[18] In that same letter, defendant withdrew their objection to the term "policy". Therefore, the only objections left to Request No. 28 are vague, ambiguous and unintelligible as to "at least some employees" and "at least some of the time". That is defendant's only justification for not being able to respond to the request.[19] These responses are more incomplete and evasive than the ones cited in Marchand and Holmgren.

Parties cannot avoid responding to requests for admissions based on technicalities when they do not agree with the exact wording of the request. In that instance, the parties should agree on alternate wording. (Englund, *supra* at 684; also see Marchand v. Mercy Med. Ctr. (9th Cir. 1994) 22 F.3d 933, 938). In this case that is exactly what the parties did, or so plaintiffs thought. When the parties met and conferred on November 17, 2006, the parties discussed the wording that would be included in Plaintiffs' Revised Requests for Admissions. In some cases, defendant proposed and plaintiffs adopted certain verbiage.[20] Defendant then responded with an objection to the verbiage as "vague, ambiguous and unintelligible."[21] (Odenbreit Decl., Exhibit 4).

These responses frustrate the premise of Rule 36 which was amended in 1993 because of the Advisory Committee's dissatisfaction with the high costs of litigation and obstructionist tactics employed by litigants. (Marchand, *supra* at 936, fn3: Fed.R.Civ.P. 26 Advisory Committee Notes on 1993 Amendment.) "The litigants should not indulge in gamesmanship with respect to the disclosure obligations." (Marchand, *supra* (9th Cir.1994) 22 F.3d at 936-37, FN 3 citing to Fed.R.Civ.P. 26, Advisory Committee Notes on 1993 Amendments). Courts encourage parties to focus on the goals of the Rules to promote full and efficient discovery, "not evasion and word play."

---

[18] Odenbreit Decl., ¶10; Letter from Wendy Lazerson dated December 4, 2006.

[19] Odenbreit Decl.,¶ ; See Statement of Discovery In Dispute filed concurrently herewith.

[20] Defendant suggested "shown to" be replaced by "made available to" in request nos. 21, 24, 28, and 44. (Odenbreit Decl., ¶ 4).

[21] See Statement of Discovery In Dispute filed concurrently herewith, Request Nos. 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 32, 34, 42, 44, 46, 50, 51, 58, 59, 61, 63, 65, 67, 73, 76, 78, 80, 85 and 87.

(Id.) The courts have cautioned against evasive responses based on the literal interpretation of the wording of the requests. "Parties may not view requests for admission as mere procedural exercise requiring minimally acceptable conduct. " (Englund, supra 235 FRD at 684).

Defendant's failure to meaningfully resolve these issues and persistent objections to the vagueness of certain terms with each request are exactly the type of obstructionist conduct contemplating by the Advisory Committee when the amendment to Rule 36 was enacted.

Therefore, defendant's responses to plaintiffs' first set of request for admissions, second version, are not justified and plaintiffs should be awarded costs and attorneys' fees pursuant to Rule 37 ( c ) ).

### B. Defendant's Failure to Provide Responses After the Parties Met and Conferred is Further Evidence of Defendant's Blatant Disregard for the Purpose of Rule 36.

Even after the parties agreed on certain language, defendant continued to evade responding by claiming the request was vague, ambiguous and unintelligible as the basis for defendant's inability to respond. As discussed below, defendant's reasoning is not sufficient to justify a lack of response.

"If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. "...when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." (Englund v. Los Angeles County (EDCal. 2006) 235 FRD 675, 683; FRCP 36(a)). Unless the request is so ambiguous that the responding party in good faith cannot frame an intelligent reply, "ambiguous" is not grounds for objection. The party should "admit to the fullest extent possible, and explain in detail why other portions of the request may not be admitted." (Englund, supra at 685, quoting Marchand, supra (9th Cir.1994) 22 F.3d at 938). Defendant could easily have qualified its responses. However, the defendant only asserted general objections without specifying in detail the reasons why they could not admit or deny the request.

If the responding party objects that they have insufficient information to admit or deny, they

are required to state that they have made a reasonable inquiry and that the information "known or readily obtainable" is not sufficient to enable the party to admit or deny the request. (Booth Oil Site Administration v. Safety-Kleen Corp. (WDNY 2000) 194 FRD 76, 79, citing to Fed.R.Civ.P. 36(a)). However, a simple statement that a reasonable inquiry has been made and the party is unable to admit or deny because of insufficient information may not suffice. (Englund, *supra* at 685; Asea, Inc. v. Southern Pac. Transp. Co. (9th Cir.1981) 669 F.2d 1242, 1245, [court ordered matters admitted where information was known or readily available to responding party]).

Here, defendants did not provide any further justification except to assert the request was vague, ambiguous, unintelligible and compound. Defendant's provided no indication they had made any inquiry or attempt to respond to the requests. Defendant made no attempt to contact plaintiffs for further clarification, as some courts have required. (Englund, *supra* at 684; also see Marchand v. Mercy Med. Ctr. (9th Cir. 1994) 22 F.3d 933, 938).

Since defendant's responses are evasive, lack specific reasons why they are unable to respond to the request, lack a sufficient statement as to any reasonable attempt or inquiry that would enable them to respond, plaintiffs ask the Court to award attorneys' fees and costs in the amount of $17,925.00.

    **C.**    **Defendant's Objections Based On the Bates Citations Not Encompassing A Complete Document are Unsupported and Insufficient and Frustrate Plaintiffs' Attempts to Narrow the Issues and Promote Judicial Economy.**

Requests for admissions are distinguished between other forms of discovery because one of the main purposes of admissions is to narrow the factual issues and avoid delay and the unnecessary expense of proving matters which are not in dispute. (Henry v. Champlain Enterprises, Inc. (NDNY 2003) 212 FRD 73, 77). Rule 36 is a tool to expedite trial by which to determine what issues are genuinely disputed and resolving those issues which are not. (4A Moore's Federal Practice, ¶ 36.02 (2d ed.1982); Berry v. Federated Mutual Insurance Company (D.Kan1986) 2001 WL 1718259; Dubin v. E.F. Hutton Group, Inc. (SDNY 1989) 125 FRD 372, 375).

Rule 36 requires the responding party to notify the requesting party if they are incapable of providing a response with the information reasonable available to them. (Henry v. Champlain

Enterprises, Inc. (NDNY 2003) 212 FRD 73, 78).

In this case, defendant has insisted in both their initial responses and their responses to the revised requests, that they cannot admit as genuine any document that does "not encompass a complete document."[22] Plaintiffs have asked for authority that a document referenced in a discovery request must be complete. Defendant has thus far provided none. This issue was addressed by the California Central District Court in overruling a party"s objection to the admission into evidence of an "incomplete" document in a summary judgment motion. The court noted, "Defendant also objects to these documents as "incomplete"; however, defendant fails to identify any evidentiary rule or cite to any authority that suggests that documents must be "complete" to be admissible." (Conversive, Inc. v. Conversagent, Inc. (C.D.Cal. 2006) 433 F.Supp.2d 1079, 1086 fn 8). Likewise, defendant has produced no authority that only a complete document can be authenticated or the truth of the contents admitted. Defendant still stands on these objections without citing to any authority. Their failure to admit to the genuineness of documents on this basis is clearly contrary to rule 36(a) and subject to sanctions under Rule 37.

Therefore, plaintiffs respectfully request that defendant be ordered to pay attorneys' fees and costs in the amount of $17,925.00.

### D. **Plaintiffs' Request for Attorneys' Fees and Costs in the Amount of $17,925.00 is Reasonable Considering Plaintiffs Could Request All Reasonable Expenses Incurred in Making the Proof, pursuant to Rule 37©:**

Rule 37 ( c ) provides for a party to seek to recover fees and costs "incurred in proving the truth of the matter where other party refused to admit the matter." (Comeaux v. Brown & Williamson Tobacco Co. (9th Cir. 1990) 915 F.2d 1264, 1275). That would include all costs associated with authenticating documents, determining the accuracy of statements (which could include additional depositions) and any other costs associated with establishing admissible evidence and undisputed issues of fact. In this case, plaintiffs requests were focused on alleviating the parties and the court of the burden of establishing evidentiary pre-requisites, such as document

---

[22] Odenbreit Decl., Exhibit 4: Defendant's Responses to Second Version, Request Nos. 9, 9A, 67, 72. 73, 78, 84, 85, 86 and 87.

12

authentication. Plaintiffs have only requested those fees and expenses associated with pursuing further responses to these requests. Therefore, plaintiffs' request is reasonable.

CONCLUSION

For the reasons stated above, plaintiffs respectfully request this Court to award attorneys fees and costs in the amount of $17,925.00 for defendant's failure to comply with Rule 36(a).

December 5, 2006        SPIRO MOSS BARNESS HARRISON & BARGE LLP

_____
Katherine J. Odenbreit
Attorneys for Plaintiffs