*E-filed 3/22/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LEONARD, et al., | Case No. C05-00829 JW (HRL) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO LIMIT DEPOSITION SUBPOENA** |
| v. | |
| BIMBO BAKERIES USA, et al., | Re: Docket No. 219 |
| Defendants. | |

This putative class action for overtime wages and other wage-and-hour-related relief is brought on behalf of current and former employees of defendants with the job title "Route Sales Representative" ("RSR").  Plaintiffs now move to limit the scope of the deposition of one of their expert witnesses, Michael Elliott.

BACKGROUND

Michael Elliot represents to this court that, in early December 2006, he saw a Bimbo Bakeries USA ("BBU") truck in a supermarket parking lot, and initiated a brief conversation with an RSR who was loading products into his truck.

Elliott states that about two weeks later, he arranged a meeting with a different RSR. The goal was to observe the RSR's normal work process to aid in deriving an expert opinion about the feasibility of using the company's handheld computers to record meal breaks.  Elliott watched the RSR inside a supermarket, had coffee with him during his break and talked about

1  the handheld computer, and walked with the RSR back to his vehicle. Elliott found a document
2  on the ground near the truck, a list of some kind, and the RSR offered to print out a similar one
3  inside his truck. The document he printed out is titled "Tomorrow's Load Summary."

4  The parties recently filed cross-motions for partial summary judgment. Plaintiffs'
5  motion included an expert declaration by Elliott. Shortly after reading this expert declaration,
6  defense counsel wrote plaintiffs' counsel a letter accusing the lawyers, the expert, and the
7  employees who assisted the expert of wrongful conduct, and stating that "any RSR that
8  participated in delivering Company property and confidential information to a third party will
9  be disciplined for having violated Company policy." Defendants noticed Elliott's deposition.
10 The deposition subpoena states that he must produce documents he inspected and/or relied on in
11 preparing his expert declaration. Plaintiffs believe full compliance would reveal the identities
12 of at least one, and possibly both, of the employees whom Elliott observed during his
13 investigation, because the "Tomorrow's Load Summary" document contains an RSR number
14 and other identifying information. After plaintiffs' counsel informed defendants about the
15 print-out, defense counsel wrote back describing the "Tomorrow's Load Summary" document
16 as "stolen property."

17 Plaintiffs now move: (1) for an order that Elliott is not required to produce to defendants
18 any documents or other things that directly or indirectly reveal the identity of the two above-
19 mentioned employees of defendants; (2) for an order modifying or limiting defendants'
20 deposition subpoena to the same effect; and (3) for an order that the deposition examination of
21 Elliott be limited in the same way, such that he not be required to answer any questions that
22 directly or indirectly reveal the identity of these two employees of defendants.

## DISCUSSION

24 Plaintiffs' fundamental objection to the noticed scope of the deposition is that they want
25 to protect the identity of the RSRs who talked with Elliott.[1] Meanwhile, defendants urge the
26 court to deny the motion because "BBU has a right and need to know:
27 • what Elliott examined;

---

[1] Of course, these employees are members of the putative class.

1
2
3
4
5
6
- how he gained access to customer databases;
- how he obtained information he was not authorized to have;
- who assisted in the improper investigations;
- what Elliott said to the RSR whom he accosted at work to mitigate any damage Elliott did to the relationship between BBU and its employee;
- what stores Elliott visited to mitigate damages he may have caused to BBU's relationships with its customers and determine what Elliott viewed of its customers' confidential materials to protect the customers and educate them as to what has occurred; and
- how Elliott could meet during 'meal periods' with RSRs who claim, is they are precluded from taking them." [sic]

Defendants make no attempt to explain how these topics are "relevant to the claim or defense of any party" under Fed. R. Civ. P. 26(b)(1). Crucially, defendants cannot articulate how knowledge of the RSR's identity or possession of the disputed document would confer any unfair advantage on plaintiffs in this lawsuit.

The court has reviewed the "Tomorrow's Load Summary" document *in camera*. The document is a three-page list of products, with three columns (product numbers, product names, and product quantities). No customer information appears (certainly no "customer database"). Despite trumpeting confidentiality as a prime concern, defendants have not shown that this document is anything more than routine paperwork. Defendants assert that the document reveals competitively valuable information. The court cannot conceive how this document, in itself, could have any value to a competitor. Moreover, this lawsuit is about conditions of employment, and has nothing to do with defendants' marketplace competitors.

Next, there is no indication that Elliott relied on the document or intends to do so. Also, the evidence indicates that the RSR offered the document to Elliott unsolicited. After *in camera* review, it seems clear that this document would have little or no relevance to Elliott's technical opinions about the adaptability of the handheld computers.

The court notes the irony of defendants' professed goal, quoted above, of mitigating "damage Elliott did to the relationship between BBU and its employee." BBU has made it clear that identification of the employees would lead to punishment, not reconciliation.

The court concludes that defendants may question Elliott about what he saw and what he learned about the actual subject matter of his expert testimony. Otherwise, the defendants'

3

proposed questioning ventures beyond the bounds of relevance to this litigation. Plaintiffs' motion to limit the deposition is GRANTED.

**IT IS SO ORDERED.**

Dated: 3/22/07                                     /s/ Howard R. Lloyd
                                                   HOWARD R. LLOYD
                                                   UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Elizabeth Jean Carroll betsy.carroll@bingham.com, suga.ikeda@bingham.com

Carolyn Blecha Hall carolyn.hall@bingham.com, jolyn.parker@bingham.com

Wendy M. Lazerson wendy.lazerson@bingham.com

Dennis Frank Moss jeanette@spiromoss.com

Katherine J. Odenbreit , Mrs kodenbreit@smbhblaw.com, secretary@smbhblaw.com

Kristen Pezone kristen.pezone@bingham.com

Ira Spiro ispiro@smbhblaw.com

Robert Ira Spiro ira@spiromoss.com, jeanette@spiromoss.com

* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 3/22/07

/s/ JMM
Chambers of Magistrate Judge Lloyd

5