SPIRO MOSS LLP
Ira Spiro, State Bar No. 67641
ira@spiromoss.com
Dennis F. Moss
dennisfmoss@yahoo.com
11377 W. Olympic Blvd. Fifth Floor
Los Angeles, CA  90064
Tel (310) 235-2468, Fax (310) 235-2456

Attorneys for Plaintiffs Thomas Leonard *et al.*

BINGHAM MCCUTCHEN LLP
WENDY M. LAZERSON (SBN 97285)
CAROLYN B. HALL (SBN 212311)
1900 University Avenue
East Palo Alto, CA  94303-2223
Telephone:      (650) 849-4400
Facsimile:      (650) 849-4800
wendy.lazerson@bingham.com
carolyn.hall@bingham.com

Attorneys for Defendants
BIMBO BAKERIES USA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re BIMBO BAKERIES USA FLSA ACTIONS, | No.  C 05 00829 (JW)<br><br>**JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE** |

Subject to its terms and conditions and the approval of the Court, this Joint

Stipulation of Class Settlement and Release (the "Settlement") is made and entered into by and

among plaintiffs Thomas Leonard, Charlie Bradaric, Gary Hoskins, Larry Newman, Chris Herr,

William Harrison, Kathleen Morrison, Gary Castro and Thomas Terusa (collectively the

"Plaintiffs" or "Class Representatives"), individually and on behalf of the putative class, and

defendant Bimbo Bakeries USA, Inc. ("BBU").  Plaintiffs and BBU are jointly referred to in this

Settlement as the "Parties," and each of them as a "Party."

1

1    **I.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

2              NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

3    Class Representatives (for themselves and the Participating Class Members, as defined below)

4    and BBU, with the assistance of their respective counsel, that, as among the Settling Parties,

5    including all Settlement Class Members, the Action, the Class Representatives' Released

6    Claims, the Released State Law Claims, the Released Federal Law Claims, and Class Counsel's

7    Released Claims shall be finally and fully compromised, settled, and released, and the Action

8    shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and

9    conditions of this Stipulation and the Judgment.

10   **II.    DEFINITIONS**

11             In addition to terms defined elsewhere in the Settlement, as used in this Settlement the

12   following terms have the meanings indicated below:

13             **A.**     "Action" means the civil action titled "*In re BIMBO BAKERIES USA FLSA*

14   *ACTIONS*," now pending in the United States District Court for the District of Northern

15   California (Case No. C-05-0829-JW,) comprised of the cases *Leonard et al. v. Bimbo Bakeries*

16   *USA, Inc.* (the "Leonard Action") consolidated with *Morrison et al. v. Bimbo Bakeries USA, Inc*.,

17   Case No. C-07-03156 JW (the Morrison Action").

18             **B.**     "CAFA Notice" means a notice of proposed settlement pursuant to the Class

19   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, substantially in the form attached to

20   this Settlement as Exhibit E.

21             **C.**     "Claimant" means a Class Member who has submitted a timely and valid Claim

22   Form pursuant to this Settlement and who has not submitted an Election Not to Participate in

23   Settlement.

24             **D.**     "Claim Form" means the form by which Class Members may claim their

25   Settlement Shares and consent to join the FLSA collective action, substantially in the form

26   attached to this Settlement as Exhibit C.

27             **E.**     "Claims Administrator" or "Settlement Administrator" means the third-party

28   claims administration firm selected by the Parties and approved by the Court.  The Parties have

1   agreed to propose Simpluris, Inc. as the Claims Administrator for this Court's consideration and

2   approval.

3       **F.**    "Class" means the class proposed by this Settlement, consisting of all persons

4   who were on the payroll of BBU for at least one day during the applicable Class Period

5   employed in the position of Route Sales Representative and/or substantially similar jobs (e.g.,

6   relief/vacation Route Sales Representative, or route sales extra) (collectively, "RSR") in the State

7   of California.

8       **G.**    "Class Counsel" means, collectively, Ira Spiro and Spiro Moss LLP; Michael

9   Walsh and Walsh & Walsh, P.C.; Michael Langford and Langford & Langford APLC; Joseph

10  Gigliotti and Gigliotti & Gigliotti LLP; and Rudy Ginez, Jr. and Ginez, Steinmetz & Associates.

11      **H.**    "Class Member" is a member of the Class, including the Class Representatives.

12      **I.**    "Class Notice" means the Notice of (1) Proposed Class Settlement and (2) Final

13  Settlement Approval Hearing to be sent to Class Members after the Court grants preliminary

14  approval of the Settlement, substantially in the form attached to this Settlement as Exhibit B.

15      **J.**    "Class Period" means the period of time beginning on February 25, 2001 and

16  ending on the Preliminary Approval Date.

17      **K.**    "Class Representatives" or "Plaintiffs" means Thomas Leonard, Charlie Bradaric,

18  Gary Hoskins, Larry Brian Newman, Chris Herr, William Harrison, Kathleen Morrison, Gary

19  Castro and Thomas Terusa, who are the named Plaintiffs in the Action.

20      **L.**    "Compensable Work Week" means a seven-day work week, as defined by BBU's

21  payroll system, during which a Claimant was actively employed (i.e., not on a leave of absence)

22  by BBU in the RSR Position during the Class Period.  If a Claimant was employed for only part

23  of a Compensable Work Week, he or she will be credited for purposes of the Settlement with a

24  fraction of the Compensable Work Week, rounded up or down to the nearest two-digit decimal.

25  For example, if a Class Member was employed for only one work day during a work week, he or

26  she would be credited with 0.14 Compensable Work Weeks, while if a Claimant was employed

27  for two work days during a work week, he or she would be credited with 0.29 Compensable

28  Work Weeks.

Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1    **M.**    "Counsel for BBU" means Wendy M. Lazerson of Bingham McCutchen LLP.

2    **N.**    "Court" means the United States District Court for the Northern District of

3    California, San Jose Division.

4    **O.**    "Election Not to Participate in Settlement" means the form by which a Class

5    Member may elect to exclude himself or herself from the Settlement as evidenced by Exhibit D

6    to this Settlement.

7    **P.**    "Final" means the last of the following dates, as applicable:

8        **1.**    The date on which the Final Approval Order has been entered, if no

9            objection to the Settlement was filed.

10       **2.**    The last date on which a notice of appeal from the Final Approval Order

11           may be filed, and none is filed, if an objection to the Settlement was filed.

12       **3.**    If a timely appeal from the Final Approval Order is filed, the latter of the

13           following dates:

14           **a.**    the last date by which a petition for writ of *certiorari* by the United

15               States Supreme Court (the "Supreme Court") seeking review of a

16               decision affirming the Final Approval Order by the United States

17               Court of Appeals for the Ninth Circuit (the "Ninth Circuit") may

18               be filed, and none is filed by that date; or

19           **b.**    if a petition for a writ of *certiorari* by the Supreme Court, seeking

20               review of the Final Approval Order or of the Ninth Circuit's

21               decision on an appeal from the Final Approval Order is timely

22               filed, the date on which the Supreme Court denies the petition or

23               the Supreme Court affirms the Final Approval Order.

24   **Q.**    "Final Approval Order" means the Court's order granting final approval of the

25   Settlement, which will constitute a "judgment" within the meaning of Rule 58(a), Federal Rules

26   of Civil Procedure, substantially in the form attached to this Settlement as Exhibit F.

27   **R.**    "Notice Materials" means the Class Notice, the Claim Form, and the Election Not

28   to Participate in Settlement.

4

1    **S.**    "Participating Class Member" means a Class Member who has not completed and

2    timely submitted an Election Not to Participate in Settlement.

3    **T.**    "Preliminary Approval Date" means the date on which the Court enters the

4    Preliminary Approval Order.

5    **U.**    "Preliminary Approval Order" means the Court's order granting preliminary

6    approval of the Settlement, substantially in the form attached to this Settlement as Exhibit A.

7    **V.**    "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up

8    by the Settlement Administrator with the Settlement Payment.

9    **W.**    "Settlement Payment" means the payment by BBU of Three Million Seven

10   Hundred Fifty Thousand Dollars and No Cents ($3,750,000.00) to fund the QSF pursuant to this

11   Settlement.  The Settlement Payment will be the sole source and maximum payment by BBU to

12   fund, under this Settlement, the (i) Settlement Shares, (ii) the Class Representative Payments,

13   (iii) the Class Counsel Attorneys' Fees and Costs Payment, and (iv) the reasonable fees and

14   expenses of the Settlement Administrator.  The employer's share of payroll taxes on the

15   Settlement Shares is to be funded by BBU in addition to the Settlement Payment.  Under no

16   circumstances shall BBU be obligated to pay any amounts pursuant to this Settlement except as

17   set forth in this paragraph.

18   **X.**    "Settlement Share" means each Class Member's potential share of the Net QSF

19   (defined below in paragraph XIV.A.2.a), as calculated pursuant to this Settlement.

20   **Y.**    "Settling Parties" or "Parties" means BBU and the Class Representatives on

21   behalf of themselves and all Participating Class Members.

22   **Z.**    "Days" or "days" refers to calendar days below unless specifically indicated as

23   business days.

24   **III.    RECITALS**

25   **A.**    On February 25, 2005, Plaintiffs Leonard, Bradaric, Hoskins, Newman, Herr and

26   Harrison commenced the Action on behalf of themselves and all other individuals allegedly

27   similarly situated to them (the "Proposed Class") with respect to the claims they asserted.

28   **B.**    In the Action, Plaintiffs alleged that BBU misclassified Plaintiffs and the

proposed Class as exempt under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and California wage-and-hour laws and, on that basis, failed to pay Plaintiffs and others for overtime wages, to provide them with meal periods and rest breaks, to timely pay all wages owed, and to provide them with correctly itemized wage statements. Plaintiffs also alleged that with regard to such matters, BBU engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.*

**C.** On June 10, 2005, BBU answered the complaint in the Action. BBU denied Plaintiffs' material allegations; maintained that the Court should not certify the class action and the collective action proposed by Plaintiffs, that Plaintiffs and the proposed Class were properly classified as exempt under the FLSA and California wage-and-hour laws, and that BBU bore no liability to Plaintiffs and the proposed Class; and raised other defenses.

**D.** On December 29, 2006, Kathleen Morrison, Gary Castro and Thomas Terusa filed the Morrison Action in the California Superior Court for the County of Orange, alleging state overtime, meal and rest period, and wage statement claims. BBU removed the Morrison Action to the United States District Court for the Central District of California. The court transferred the Morrison Action to the United States District Court for the Northern District of California and on September 28, 2007 the Court deemed the Morrison Action related to the Leonard Action. Pursuant to BBU's unopposed motion, the Court consolidated the Leonard and Morrison actions on November 21, 2007 as the currently styled Action.

**E.** In the course of litigating the Action, the Parties have conducted substantial discovery, including producing thousands of pages of documents and personnel data and taking depositions of named Plaintiffs, opt-in plaintiffs, and BBU managers.

**F.** On August 5, 2009 and September 16, 2009, the Parties participated in good-faith, arms-length negotiations presided over, respectively, by mediators the Hon. William Cahill (Ret.) and Mark Rudy, Esq. At the conclusion of those negotiations, the Parties agreed to settle the Action and to release all claims covered by this Settlement.

**G.** Class Counsel conducted a thorough investigation into the facts of the Action. Based on over four years of discovery and their own independent investigation and evaluation,

1   Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the

2   best interest of the Class in light of all known facts and circumstances, including the risk of

3   significant delay, defenses asserted by BBU as to both class and collective action certification

4   and the merits of the claims, and potential appellate issues.

5        **H.**     It is the mutual desire of the Parties to fully, finally, and forever settle,

6   compromise, and discharge all disputes and claims raised in or related in any way to the Action

7   as more fully set forth in section XVI below. In order to achieve a full and complete release of

8   the released persons, the Participating Class Members, including the Class Representatives,

9   acknowledge that this Settlement is intended to include and resolve all claims that were or could

10  have been asserted in the Action as more fully set forth below in as more fully set forth in section

11  XVI below.

12       **I.**     This Settlement represents a compromise of highly disputed claims.  Nothing in

13  this Settlement is intended or will be construed as an admission by BBU that Plaintiffs' claims in

14  the Action have merit or that it has any liability to Plaintiffs or any Class Members on those

15  claims or any other claim, or as an admission by Plaintiffs that BBU's defenses in the Action

16  have merit.

17  **IV.    DUTIES OF THE PARTIES TO SEEK PROMPT COURT APPROVAL**

18       **A.**     Promptly upon execution of this Settlement, Plaintiffs will move the Court for

19  entry of the Preliminary Approval Order, including the following terms:

20            **1.**     For settlement purposes only and without reaching any determination as to

21                 the manageability at trial of the proposed class action under Rule 23(b)(3),

22                 Federal Rules of Civil Procedure, conditionally certifying the Class as an

23                 opt-out class under Rule 23(b)(3), and provisionally certifying the Action

24                 as an FLSA opt-in collective action under section 16(b) of the FLSA, 29

25                 U.S.C. § 216(b).

26            **2.**     Preliminarily approving the Settlement.

27            **3.**     Scheduling a final approval hearing on the questions of (1) whether the

28                 Settlement should be finally approved as fair, reasonable, and adequate as

to the Participating Class Members; (2) whether the Court should grant Plaintiffs' motion for the Class Representative Payments; and (3) whether the Court should grant Class Counsel's motion for the Class Counsel Attorneys' Fees and Costs Payment.

    **4.**    Approving as to form and content the Notice Materials and setting deadlines for submission of completed Claim Forms and Elections Not to Participate in Settlement and service and filing of objections to the Settlement.

    **5.**    Appointing a Settlement Administrator to exercise the duties set forth in this Settlement.

    **6.**    Directing the Settlement Administrator to mail the Notice Materials by first-class mail to the Class Members by the deadline set forth below.

    **B.**    Any disagreement among Parties concerning the final forms of the Notice Materials, the CAFA Notice, or other documents necessary to implement the Settlement, as well as all other disputes regarding the Settlement and its implementation, will be referred to the Court for resolution if the Parties' good faith efforts to resolve the disagreement have failed.

**V.**    **CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT ONLY**

    **A.**    For purposes of the Settlement only, the Parties stipulate that the Court may certify the Class as an opt-out class under Rule 23(b)(3), Federal Rules of Civil Procedure (the "Class Stipulation"). More specifically, the Parties agree as part of the Class Stipulation that, for settlement purposes only, the requirements of Federal Rule 23(b)(3) are satisfied, with the exception of the manageability requirement of Federal Rule 23(b)(3) that the Court need not address for purposes of settlement.

    **B.**    For purposes of settlement only, the Parties also stipulate that with respect to the claim that they were misclassified as exempt under the FLSA, all Claimants are similarly situated within the meaning of section 16(b) of the FLSA, 29 U.S.C. § 216(b) (the "FLSA Stipulation").

    **C.**    The Class Stipulation and the FLSA Stipulation are made solely for purposes of

1  the Settlement.  The Class Stipulation and the FLSA Stipulation are in no way an admission that

2  class or collective action certification is proper under the more stringent litigation certification

3  standard that requires a showing of, *inter alia*, manageability, and neither this Settlement, the

4  Class Stipulation, nor the FLSA Stipulation will be admissible in this or any other action or

5  proceeding as evidence that (i) the proposed Class or any other class should be certified; (ii) this

6  Action or any other action should be certified as a collective action; or (iii) BBU is liable to

7  Plaintiffs, the proposed Class, or any other putative class or collective action class members.

8      **D.**     If, for any reason, the Court does not grant final approval of the Settlement

9  without material modification, or if the Court's final approval of the Settlement is reversed or

10  materially modified on appellate review, then all terms of this Settlement (other than paragraphs

11  XVII and XVIII below relating to confidentiality and the return of documents/data), the Class

12  Stipulation, and the FLSA Stipulation will automatically become null and void; the terms and

13  fact of this Settlement (and of any act performed or document executed pursuant to or in

14  furtherance of the Settlement), the fact that the Parties had made the Class Stipulation and the

15  FLSA Stipulation, or that the Court granted certification of the Class, certification of the

16  collective action, or otherwise accepted either stipulation, will be inadmissible evidence in any

17  subsequent proceeding in the Action or elsewhere.  An award of Class Representative Payments

18  or a Class Counsel's Attorneys' Fees and Costs Payment in an amount less than that sought by

19  Plaintiffs or Class Counsel will not constitute a failure to grant final approval of the Settlement

20  or a material modification of the Settlement.

21  **VI.    APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR**

22      **A.**     Subject to the approval of the Court, the Parties have agreed to the appointment of

23  a Settlement Administrator to perform the following duties in connection with administration of

24  the Settlement: (i) using the data provided by BBU to prepare the Claim Forms with the number

25  of Compensable Work Weeks worked by each Class Member; (ii) obtaining forwarding

26  addresses for Class Members using appropriate methods, as described in section VIII.A.3. of this

27  Settlement; (iii) mailing the Notice Materials to Class Members; (iv) tracking non-delivered

28  Class Materials and taking reasonable steps to re-send them to Class Members' current

1  addresses; (v) tracking and timely reporting to Class Counsel and Counsel for BBU returned

2  Claim Forms and Elections Not to Participate in Settlement; (vi) calculating the amounts due to

3  each Claimant pursuant to the Settlement; (vii) resolving disputes (if any) by Class Members

4  regarding the number of Compensable Work Weeks or other matters, and notifying Class

5  Counsel and Counsel for BBU of such disputes and their resolution; (viii) establishing the QSF;

6  (ix) disbursing all amounts payable from the QSF; and (x) notifying Class Counsel and Counsel

7  for BBU of any Claimants who have not cashed their Settlement Share checks by the deadline set

8  forth below.

9       **B.**       BBU will provide the Settlement Administrator with data necessary to perform

10  the Settlement Administrator's duties.

11      **C.**       All disputes relating to the Settlement Administrator's performance of its duties,

12  after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court,

13  if necessary, which will have continuing jurisdiction over this Settlement until all payments and

14  obligations contemplated by this Settlement have been fully carried out.

15  **VII.   CAFA NOTICE**

16      Pursuant to CAFA, within ten (10) days after Plaintiffs file their motion for preliminary

17  approval of the Settlement, BBU will mail the CAFA Notice to the Attorney General of the

18  United States, the Attorney General of the State of California, and the Attorney General of each

19  other state where Class Members reside according to BBU's records.  The Parties intend and

20  believe that the CAFA Notice pursuant to the procedures described in this section comply with

21  the requirements of CAFA; will seek approval of these procedures for CAFA Notice in

22  Plaintiffs' motion for preliminary approval of the Settlement; and will request the Court to

23  adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and

24  bar any Class Member's claim to void or avoid the Settlement under CAFA.

25  **VIII.  NOTICE TO THE CLASS OF THE SETTLEMENT AND THE CLAIM PROCESS**

26      **A.**      Mailing the Notice Materials to the Class

27          **1.**      Within ten (10) days after the Court enters its Preliminary Approval Order,

28  BBU will provide to the Settlement Administrator a list of each Class

---

Member's BBU employee identification number, name, Social Security number, last known address, dates of employment, and the number of his or her Compensable Work Weeks. This list will be drawn from BBU's payroll and other business records and in a format acceptable to the Settlement Administrator.  BBU will consult with the Settlement Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Settlement Administrator.  BBU also will provide Class Counsel with a list of each Class Members' BBU employee identification number, dates of employment, and the number of his or her Compensable Work Weeks.  The data provided to the Settlement Administrator and Class Counsel will remain confidential and will not be used or disclosed to anyone, except as required to applicable tax authorities, pursuant to BBU's express written consent, or by order of the Court.

    **2.**    Within fourteen (14) days after BBU provides to the Settlement Administrator the data pursuant to section VIII.A.1, the Settlement Administrator will mail, by first-class mail, the Notice Materials to all Class Members at their last known address, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

    **3.**    The Settlement Administrator will use standard devices, including the National Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice Materials will be received by all Class Members.

**B.**    Claim Form

    **1.**    The Claim Form mailed to the Class Members will show for the recipient Class Member the dates of employment during the Class Period and the

11

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1      number of Compensable Work Weeks.

2   **2.**   Class Members will have the opportunity to challenge the information pre-

3      printed on their individualized Claim Forms by submitting a written

4      challenge along with their signed Claim Form and supporting

5      documentation to the Settlement Administrator within the time period

6      provided for submitting the Claim Form. Any challenges to the

7      information pre-printed on the Claim Form must be supported by

8      documentary evidence; the Settlement Administrator will reject any

9      challenge not supported by such evidence.

10   **3.**   Timely challenges submitted with documentary evidence will be resolved

11      without hearing by the Settlement Administrator after consultation with

12      Class Counsel and Counsel for BBU. BBU's records will be presumed

13      correct, but the Settlement Administrator will evaluate the evidence

14      submitted by the Class Member and will make a final determination based

15      on its evaluation of all the evidence presented.

16   **4.**   Each Class Member will have sixty (60) days after the date on which the

17      Settlement Administrator mails the Notice Materials to complete and

18      submit to the Settlement Administrator a completed and executed Claim

19      Form.  A completed Claim Form will be deemed timely submitted to the

20      Settlement Administrator if it is (i) mailed to the Settlement Administrator

21      by first-class mail and postmarked by not later than the deadline for

22      submission stated above; or (ii) it is delivered to and received by the

23      Settlement Administrator by the deadline for submission stated above,

24      whether by mail, facsimile transmission, professional delivery, or personal

25      delivery.

26   **5.**   In the event that a Claim Form is submitted timely but is deficient in one

27      or more respects, the Settlement Administrator will return the Claim Form

28      to the Class Member within five (5) business days of receipt with a notice

1        explaining the deficiencies and stating that the Class Member will have

2        ten (10) business days from the date of the deficiency notice to correct the

3        deficiency and resubmit the Claim Form. The envelope containing any

4        resubmitted Claim Form must be postmarked within ten business (10)

5        days of the date of the deficiency notice to be considered timely, absent a

6        showing of good cause.  If necessary, the Class Member will be sent a

7        second deficiency notice to correct any deficiency concerning a

8        resubmitted Claim Form, which will be governed by the same timeliness

9        requirements as the first deficiency notice.

10   **C.**    Objection to Settlement

11       **1.**    Each Class Member will have forty-five (45) days after the date on which

12       the Settlement Administrator mails the Notice Materials to object to the

13       Settlement by serving on the Settlement Administrator, Class Counsel, and

14       Counsel for BBU, and filing with the Court, by the forty-five (45) day

15       deadline, a written objection to the Settlement.

16       **2.**    A Class Member who does not file and serve a written objection in the

17       manner and by the deadline specified above will be deemed to have

18       waived any objection and will be foreclosed from making any objections

19       to the Settlement (whether by appeal or otherwise).

20   **D.**    Election Not to Participate in Settlement

21       **1.**    Each Class Member will have forty-five (45) days after the date on which

22       the Settlement Administrator mails the Notice Materials to complete,

23       execute and submit to the Settlement Administrator the Election Not to

24       Participate in Settlement if they wish to be excluded from the Settlement.

25       A completed and executed Election Not to Participate in Settlement will

26       be deemed timely submitted to the Settlement Administrator if it is (i)

27       mailed to the Settlement Administrator by first-class mail and postmarked

28       by not later than the deadline for submission stated in above; or (ii) it is

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.

2.      A Class Member who does not properly complete, execute, and timely submit an Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Released State Law Claims, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or timely submitted a completed, executed Claim Form.

3.      A Class Member who properly completes, executes, and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement, and BBU will remain free to contest any claim brought by the Class Member that would have been barred by the Settlement, and nothing in this Settlement will constitute or be construed as a waiver of any defense BBU has or could assert against such a claim, including a demand that such a claim be arbitrated.

4.      If a Class Member properly completes, executes, and timely submits both an Election Not to Participate in Settlement and a Claim Form, the Settlement Administrator shall, within five (5) business days after receipt of the second of the two documents, mail a letter (the terms of which will be agreed upon by BBU's Counsel and Class Counsel) to such Class Member seeking clarification as to whether the Class Member intends to participate in the Settlement.  Absent a response from such Class Member postmarked within ten (10) business days after the date of the mailing of the follow-up letter, the Class Member shall be deemed to be a Claimant and not to have opted out of the Settlement.

14

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

**E.** Reminder of Deadline; Untimely Submissions

    **1.** Twenty-five (25) days after the Settlement Administrator mails the Notice Materials to the Class Members, the Settlement Administrator will mail a reminder card to all Class Members who have not submitted a completed Claim Form, an objection to the Settlement, or a completed Election Not to Participate in Settlement indicating the applicable deadlines for submission of those papers.

    **2.** No Claim Form or Election Not to Participate in Settlement will be honored if submitted late under the deadlines set forth above, unless the Class Member shows good cause as determined by the Settlement Administrator.

**F.** Reports and Declaration by Settlement Administrator

    **1.** By not later than ten (10) days after expiration of the 45-day deadline for submission of the Elections Not to Participate in Settlement, the Settlement Administrator will submit to Class Counsel and Counsel for BBU a report setting forth the Class Members (identified by BBU employee identification numbers) who as of that date have submitted (i) valid Elections Not to Participate in Settlement, and (ii) invalid Elections Not to Participate in Settlement (the "Opt-Out Report"). In the event that the Settlement Administrator accepts any Election Not to Participate in Settlement after the expiration of the 45-day deadline, it will promptly update and distribute an updated Opt-Out Report.

    **2.** By not later than ten (10) days after expiration of the 60-day deadline for submission of Claim Forms, the Settlement Administrator will submit to Class Counsel and Counsel for BBU a report setting forth the Class Members (identified by BBU employee identification numbers) who as of that date have submitted (i) valid Claim Forms and (ii) invalid Claim Forms.

Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

**3.**     By not later than ten (10) days after the expiration of the 60-day deadline for submission of Claim Forms, the Settlement Administrator will prepare and submit for filing in support of the Plaintiffs' motion for final approval a declaration attesting to its mailing of the Notice Materials and (indicated by number of Class Members only) its receipt of valid Claim Forms and valid Elections Not to Participate in Settlement and its inability to deliver the Notice Materials to Class Members due to invalid addresses.  Prior to the hearing on the motion for final approval of the Settlement, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration as applicable.

**IX.   RIGHT TO RESCIND**

In the event that by number more than thirty-nine percent (39%) of the Class Members submit valid Elections Not to Participate in Settlement, BBU will have the right to rescind the Settlement and the Settlement and all actions taken in its furtherance will be null and void.  BBU must exercise this right within ten (10) days after the Settlement Administrator sends to Class Counsel and Counsel for BBU the Opt-Out Report, provided no untimely Election Not to Participate is accepted by the Settlement Administrator pursuant to section VIII.E.2, or within five (5) days of the date that the last untimely Election Not to Participate that is accepted by the Settlement Administrator pursuant to section VIII.E.2 is reported to BBU.

**X.   FINAL APPROVAL OF THE SETTLEMENT**

**A.**     The Plaintiffs will move the Court for final approval of the Settlement by the deadline set by the Court, but in no event later than seven (7) business days prior to the final approval hearing scheduled by the Court.

**B.**     At the same time as the motion for final approval, Plaintiffs and Class Counsel may separately move the Court for an award of Class Representative Payments from the QSF in an amount not to exceed $10,000 for each Class Representative for his or her services as a class representative in addition to his or her Settlement Share, and for an award of a Class Counsel Attorneys' Fees and Costs Payment from the QSF in an amount not to exceed 30% of the

16

1  principal of the Settlement Payment (or One Million One Hundred Twenty-Five Thousand

2  Dollars and No Cents ($1,125,000.00)) for attorneys' fees and reasonable costs and expenses.

3  BBU will not oppose the motion for a Class Representative Payment and a Class Counsel

4  Attorneys' Fees and Costs Payment in these amounts, but will not be required to support the

5  motion.

6         **C.**     Plaintiffs will submit for entry by the Court, with their motion for final approval,

7  the proposed Final Approval Order in the form attached hereto as Exhibit F.  Any modifications

8  to the proposed Final Approval Order may be made only by mutual agreement of the Parties.

9  **XI.**     **WAIVER OF RIGHT TO APPEAL**

10         Provided that the Final Approval Order is consistent with the terms and conditions of this

11  Settlement in all material respects, the Class Representatives, Class Members who did not timely

12  submit an objection to the Settlement, Class Counsel, and BBU hereby waive any and all rights

13  to appeal from the Final Approval Order, including all rights to any post-judgment proceeding

14  and appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new

15  trial, and any extraordinary writ, and the Final Approval Order therefore will become final and

16  nonappealable at the time it is entered.  The waiver does not include any waiver of the right to

17  oppose any appeal, appellate proceedings, or post-judgment proceedings.  The waiver does not

18  apply to appeals addressing (i) the Court's material modification of the Settlement, or (ii)

19  reduction of the amount to be awarded as the Class Representative Payment or Class Counsel's

20  Attorneys' Fees and Costs Payment.

21  **XII.**    **REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT ON APPEAL**

22         If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion,

23  petition, or application, the reviewing court vacates, reverses, or modifies the Final Approval

24  Order such that there is a material modification to the Settlement, and that court's decision is not

25  completely reversed and the Final Approval Order is not fully affirmed on review by a higher

26  court, then the Class Representatives through Class Counsel and BBU will each have the right to

27  void the Settlement, which the Party must do by giving written notice to the other Parties, the

28  reviewing court, and the Court not later than fourteen (14) days after the reviewing court's

Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1  decision vacating, reversing, or materially modifying the Final Approval Order becomes Final.

2  A vacation, reversal, or modification of the Court's award of the Class Representative Payments

3  or the Class Counsel Attorneys' Fees and Costs Payment will not constitute a vacation, reversal,

4  or material modification of the Final Approval Order within the meaning of this paragraph,

5  provided that BBU's obligation to make payments under this Settlement remains limited by the

6  Settlement Payment.

7  **XIII.   CREATION OF THE QUALIFIED SETTLEMENT FUND**

8  **A.**     At the request of the Settlement Administrator made after the issuance of the

9  Final Approval Order, and only in the event that this Settlement becomes Final, BBU will cause

10  to be wired to the QSF the Settlement Payment within five (5) business days after the request.

11  The Settlement Payment is the maximum amount that BBU is obligated to pay under this

12  Settlement and is inclusive of the Class Representative Payments made to Plaintiffs, the Class

13  Counsel Attorneys' Fees and Costs Payment made to Class Counsel, the Class Members'

14  Settlement Shares, and the Settlement Administrator's reasonable fees and expenses in

15  administering the Settlement.  In no event will BBU be obligated to pay any additional amount to

16  the QSF or otherwise under this Settlement, except that BBU shall fund the employer's share of

17  payroll taxes applicable to the Settlement Shares separately from and in addition to the QSF.

18  **B.**     While held in the QSF, the funds in the QSF will accrue interest at the then-

19  current T-bill rate.

20  **C.**     A minimum of fifty percent (50%) the Net QSF allocated to the Class shall be

21  paid; the remainder, if any, shall revert to BBU provided that the Final Approval Order becomes

22  Final.

23  **D.**     If the Settlement is not granted final approval by the Court, or if the Final

24  Approval Order does not become Final, then all proceeds of the QSF (other than those used to

25  pay the Settlement Administrator's reasonable fees and expenses in administering the Settlement

26  to that point), including all accrued interest, will be immediately returned to BBU.

27  **XIV.   DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND**

28  **A.**     After the Final Approval Order becomes Final, the Settlement Administrator will

18

distribute the proceeds of the QSF as follows:

      **1.**     Within ten (10) days after the Final Approval Order becomes Final, the Settlement Administrator will make the following payments from the QSF:

      a.     To every Claimant, his or her Settlement Share, as calculated based on the formula in paragraph XIV.A.2 below.

      b.     To the Class Representatives who have not submitted an Election Not to Participate in Settlement, the Class Representative Payments as awarded by the Court, for which the Settlement Administrator will issue a Form 1099. The Class Representatives are responsible for all federal, state, and local tax liabilities that may result from such Payments and the BBU Parties (defined below) shall bear no responsibility for such liabilities.

      c.     To Class Counsel, the Class Counsel Attorneys' Fees and Costs Payment as awarded by the Court, for which the Settlement Administrator will issue a Form 1099 to Class Counsel. Class Counsel is responsible for all federal, state, and local tax liabilities that may result from such Payments and the BBU Parties (defined below) shall bear no responsibility for such liabilities. Prior to the Settlement Administrator making this payment, Class Counsel shall agree upon an allocation of the Class Counsel Attorneys' Fees and Costs Payment among counsel and provide that allocation in writing to the Settlement Administrator. Any dispute as to the allocation will be resolved by the Court before the payment is made if necessary, but it shall have no effect on the releases set forth below or other terms of this Agreement and shall not require BBU to pay under any circumstances an amount greater than or other than the Settlement Payment.

2.    Each Claimant's Settlement Share will be calculated as follows:

    a.    The "Net QSF" will equal the proceeds of the QSF at the time of distribution less (i) the Class Representative Payments, (ii) the Class Counsel Attorneys' Fees and Costs Payment, (iii) the Settlement Administrator's reasonable fees and expenses, including the costs of mailing all notices, reminders and checks pursuant to this Settlement, and (iv) a minimum payment of $100 to each of the Claimants.

    b.    A Claimant's Settlement Share will be his or her minimum payment plus the product of the Net QSF times the percentage (rounded up or down to the nearest five-digit decimal) of (i) that Claimant's number of Compensable Work Weeks applicable to that Claimant divided by (ii) the total of the Compensable Work Weeks attributable to all Class Members pursuant to this Settlement.  For instance, if a Claimant is credited with 100 Compensable Work Weeks and there are 100,000 Compensable Work Weeks attributable to all Class Members (not just those who are Claimants), then that Claimant's Settlement Share will be 0.1% of the Net QSF.

3.    Because the Settlement Shares include sums in settlement of claims for wages, interest, liquidated damages, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a settlement of a claim for unpaid wages, for which the Settlement Administrator will issue a Form W-2 to the Claimant, payroll tax withholding and deductions will be taken, and the employer's share of payroll taxes on that portion will be paid by BBU separate and apart from the QSF; and the remaining fifty percent (50%) of each Settlement Share is intended to constitute a settlement of claims for interest, liquidated damages, and penalties, for

Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

which no payroll tax withholding and deductions will be taken and the Settlement Administrator will issue a Form 1099 to the Claimant. The Claimants are responsible for all federal, state, and local tax liabilities that may result from such Settlement Share payments subject to reporting on a Form 1099, and the BBU Parties (defined below) shall bear no responsibility for such liabilities.

**4.** BBU makes no representations with respect to the taxability of any payments pursuant to this Settlement, the Notice to the Class will advise Class Members to seek their own tax advice as necessary, and the Parties agree that each Class Member will have sufficient opportunity to seek such advice after receiving the Notice.

**B.** By not later than ninety (90) days after the Settlement Administrator mails the checks to the Claimants for their Settlement Shares, the Settlement Administrator will (i) notify Class Counsel of any Claimants who have not cashed their Settlement Share checks and (ii) contact by letter each Claimant who has not cashed his or her Settlement Share checks and remind him or her to do so before the six-month deadline discussed below. The Settlement Administrator will inform these Claimants that if they fail to cash their Settlement Share checks by the six-month deadline, they will not receive any money under the Settlement, and their Settlement Share proceeds represented by the check will be returned to BBU.

**C.** If any Claimant does not cash the check(s) for his or her Settlement Share within six (6) months after issuance, the proceeds represented by the check (the "Remainder") will revert to BBU.

**D.** If the total amount of all Settlement Shares payable to Claimants is equal to or exceeds fifty percent (50%) of the value of the Net QSF, then the Settlement Administrator shall return to BBU all Settlement Shares allocated to Class Members who are not Claimants. On the other hand, if the total amount of all Settlement Shares payable to Claimants is less than fifty percent (50%) of the value of the Net QSF, then (i) the Settlement Administrator shall return to BBU 50% of the Net QSF, and (ii) the unclaimed remainder of the Net QSF shall be reallocated

21

1   to the Settlement Shares of the Claimants in proportion to the percentage of each Claimant's

2   Compensable Work Weeks as a percentage of the Net QSF.

3        **E.**     It is the intention of the Parties and by this Settlement that unless the Claimants

4   cash their Settlement Share checks within the six-month period provided for doing so, they do

5   not hold any property right to or interest in the funds represented by the checks, and therefore

6   California's Unclaimed Property Law, Cal. Code Civ. Proc. § 1500 *et seq.*, and any other

7   comparable laws in the other jurisdictions encompassed by this Settlement, do not apply to

8   checks not cashed within the six-month period and the funds represented by those checks will

9   not escheat to the applicable jurisdiction.

10   **XV.   NO EFFECT ON OTHER BENEFITS**

11        The Settlement Shares will not create any credit or otherwise affect the calculation of

12   benefits provided under any benefit or compensation plan or program provided by BBU (such as

13   401(k), pension, bonus, severance, or deferred compensation plans), and no payment made

14   pursuant to this Settlement will be compensation for purposes of such plans/programs, require

15   any contribution or award under such plans/programs, or otherwise modify coverage,

16   contributions, or benefits under such plans/programs, and the Participating Class Members will

17   be deemed to have waived all such benefit or compensation plan or program claims, whether

18   known or unknown by them, as part of their releases of claims under this Settlement.

19   **XVI.   RELEASE OF CLAIMS BY THE CLASS REPRESENTATIVES,**
20          **PARTICIPATING CLASS MEMBERS, CLAIMANTS, AND CLASS COUNSEL**

21        **A.**     **The Class Representatives' Release of Claims:** In consideration of his or her

22   awarded Class Representative Payment and the confidentiality obligations set forth below, as of

23   the date the Final Approval Order is entered by the Court, the Class Representatives, on behalf of

24   themselves and their heirs and assigns, hereby release BBU and its past, present and future

25   parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each

26   such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and

27   subdivisions, and each of such entities' current and former officers, directors, employees,

28   partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their

individual and corporate capacities (the "BBU Parties"), from any and all claims, obligations,

causes of action, actions, demands, rights, and liabilities of every kind, nature and description,

whether known or unknown, whether anticipated or unanticipated, arising on or before the date

the Final Approval Order is entered by the Court ("Class Representatives' Released Claims").

The Class Representatives' Released Claims include, but are not limited to, those claims that

were or could have been asserted in the Action; all other claims arising under the Fair Labor

Standards Act ("FLSA"), the California Labor Code, California Business and Professions Code

section 17200 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), and all other

federal, state, and local statutes, regulations, and common law theories, all other claims for lost

wages and benefits, interest, and penalties, including penalties under the Labor Code Private

Attorneys General Act ("PAGA"), meal and/or rest period penalties, penalties associated with

alleged wage statement violations, and penalties associated with an alleged failure to timely pay

wages due; all claims for emotional distress, punitive damages, and attorneys' fees and expenses

arising under federal, state, or local laws for discrimination, harassment, retaliation, and/or

wrongful termination, such as, by way of example only, claims pursuant to the Civil Rights Act

of 1866, as amended, 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. section 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. section

12101 *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et*

*seq.*; and all claims arising under the law of contract and tort.

**B.      Participating Class Members' Release of Claims:** In consideration of his or her

eligibility for a Settlement Share, as of the date the Final Approval Order is entered by the Court,

each and every Participating Class Member hereby releases the BBU Parties from any and all

claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind,

nature and description, whether known or unknown, whether anticipated or unanticipated, arising

prior to the date of the Final Approval Order or March 31, 2010, whichever first occurs, (1)

relating to claims that were pled in the Action, and/or (2) which could have been pled which

arise out of or relate to classification or misclassification of exempt status in the consolidated

Action, including but not limited to claims for (i) the alleged failure to pay any type of overtime

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1   wages, (ii) the alleged failure to pay minimum wage, (iii) the alleged failure to provide meal

2   periods or rest breaks, (iv) the alleged failure to provide itemized wage statements, (v) the

3   alleged failure to timely pay wages due, (vi) any alleged failure to provide benefits; and (vii) all

4   other wage/hour and wage payment Claims arising under the laws of the State of California and

5   arising from or related to classification or misclassification of exempt status, including, without

6   limitation, statutory, constitutional, regulatory, contractual or common law claims for wages,

7   damages, and unpaid costs;  any and all of the following based on the foregoing claims and/or

8   causes of action: penalties (including penalties under PAGA), liquidated damages, punitive

9   damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for

10  unfair business practices or unfair competition, including, without limitation, claims arising

11  under California Bus. & Prof. Code sections 17200 *et seq.* (collectively, the "State Law Released

12  Claims).

13      **C.**      **Claimants' Released Claims.**  In consideration of the payment to him or her of a

14  Settlement Share, as of the date the Final Approval Order is entered by the Court, each and every

15  Claimant hereby releases the BBU Parties from any and all claims, obligations, causes of action,

16  actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or

17  unanticipated, arising from the beginning of Claimant's employment with any of the BBU

18  Parties through the date of the Court's order of final approval or March 31, 2010, whichever first

19  occurs, that were asserted, relate to those asserted, or which could have been asserted in the

20  Action pursuant to the FLSA, including claims for wages, overtime, straight time, minimum

21  wages, meal and rest breaks, premium pay, liquidated damages, interest, attorneys' fees,

22  litigation costs, restitution, and equitable relief (collectively, the "Federal Law Released

23  Claims").

24      **D.**      **Class Counsel's Released Claims.** In consideration of the Class Counsel

25  Attorneys' Fees and Costs Payment, as of the date the Final Approval Order is entered by the

26  Court, provided that the Court does not conclude that there has been a breach of this Agreement

27  on the part of the BBU Parties and except as otherwise provided by this Settlement, Class

28  Counsel hereby releases any claims, causes of action, demands, rights, and liabilities of every

1    nature and description for attorneys' fees, costs, and expenses against the BBU Parties arising

2    from or related to the Action, including but not limited claims based on the FLSA, the California

3    Labor Code, or any other statute or law (the "Class Counsel's Released Claims").

4        **E.      Waiver of California Civil Code Section 1542.**  The Class Representatives'

5    Released Claims, the State Law Released Claims, the Federal Law Released Claims, and the

6    Class Counsel's Released Claims include all such claims, whether known or unknown by the

7    releasing party. Thus, even if a Class Representative, a Participating Class Member, a Claimant,

8    or Class Counsel discover facts in addition to or different from those that they now know or

9    believe to be true with respect to the subject matter of their respective released claims, those

10   claims will remain released and forever barred. Therefore, the Class Representatives,

11   Participating Class Members, Claimants, and Class Counsel expressly waive and relinquish the

12   provisions, rights and benefits of section 1542 of the California Civil Code and any analogous

13   law, statute, or rule. Section 1542 states:

14               A general release does not extend to claims which the creditor does
                 not know or suspect to exist in his or her favor at the time of
15               executing the release, which if known by him or her must have
                 materially affected his or her settlement with the debtor.
16

17   **XVII.  CONFIDENTIALITY PRECEDING PRELIMINARY APPROVAL**

18       Other than necessary disclosures made to the Court, the Action, the fact and terms of the

19   Settlement and the exhibits hereto, the Parties' settlement negotiations, and all related

20   information shall be held strictly confidential by the Class Representatives and their counsel

21   (including Class Counsel) and shall not be directly or indirectly disclosed to any third parties

22   (including the media, by press release or otherwise) or included on any websites, provided that if

23   they receive inquiries from the media, the Parties may state only that the Action has been

24   resolved on the terms set forth in the Settlement that was publicly filed.  Notwithstanding the

25   foregoing, Class Counsel may communicate with Class Members for purposes of implementing

26   this Settlement, may respond to inquiries from Class Members, and may disclose the following

27   on Class Counsel's website located at www.bakeryclassaction.com: (i) the existence (but not any

28   of the terms) of the Settlement, (ii) the description of the "Class" and "Class Period," as defined

1   herein, (iii) the names and contact information of the Settlement Administrator and Class

2   Counsel, and (iv) the date of the deadline for submitting claims.  Nothing herein shall limit the

3   Parties in communicating with governmental authorities about the Settlement if they are legally

4   required to do so, in which case Class Counsel shall give BBU seven (7) business days' notice

5   before any such communication occurs unless Class Counsel are given less than seven (7)

6   business days' notice of the required communication, in which event Class Counsel will give

7   notice to BBU as soon as is reasonably possible.  If the Class Representatives or their counsel

8   (including Class Counsel) violate the terms of this paragraph prior to Final Approval, BBU may

9   rescind the Settlement, rendering it null and void, and will no longer be bound by any of its

10   terms.

11   **XVIII. USE AND RETURN OF DOCUMENTS**

12        All originals, copies, and summaries of documents, presentations, and data provided to

13   Class Counsel by BBU in connection with the mediation or other settlement negotiations in this

14   matter, including e-mail attachments containing such materials, may be used only with respect to

15   this Settlement, or any dispute between Class Members and Class Counsel regarding the

16   Settlement, and no other purpose, and may not be used in any way that violates any existing

17   contractual agreement, statute, or rule. Within thirty (30) days after the Final Approval Order

18   becomes Final, Class Counsel will return or destroy and certify in writing to BBU the destruction

19   of all such materials and the return and destruction of all such materials that have been shared

20   with experts and other counsel representing the Class Representatives and putative Class

21   Members. BBU agrees to retain one set of all such documents for four (4) years from the date on

22   which the Settlement becomes Final.

23   **XIX.  FULL COOPERATION**

24        The Parties will fully cooperate with each other and use reasonable efforts, including all

25   efforts contemplated by this Settlement and any other efforts that may become necessary or

26   ordered by the Court, or otherwise, to accomplish the terms of this Settlement, including but not

27   limited to, executing such documents and taking such other action as may reasonably be

28   necessary to obtain preliminary and final approval of this Settlement without material

1   modifications and to implement its terms.

2   **XX.    NO PRIOR ASSIGNMENTS**

3   The Parties represent, covenant, and warrant that they have not directly or indirectly,

4   assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or

5   entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature

6   and description released under this Settlement.

7   **XXI.   NOTICES**

8   Unless otherwise specifically provided by this Settlement, all notices, demands or other

9   communications given under this Settlement will be in writing and be deemed to have been duly

10   given as of the third business day after mailing by United States registered or certified mail,

11   return-receipt requested, or as of the first business day after it is deposited with an overnight

12   delivery service, addressed as follows:

**To Plaintiffs and the Class:**

IRA SPIRO
Spiro Moss LLP
11377 W. Olympic Blvd. Fifth Floor
Los Angeles, CA  90064

**To BBU:**

WENDY M. LAZERSON
Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, California 94303-2223

20   **XXII.  CONSTRUCTION**

21   This Settlement is the result of lengthy, arms-length negotiations between the Parties.

22   This Settlement will not be construed in favor of or against any Party by reason of the extent to

23   which any Party or his, her or its counsel participated in the drafting of this Settlement.

24   **XXIII. CAPTIONS AND INTERPRETATIONS**

25   Paragraph titles, headings, or captions contained in this Settlement are inserted as a

26   matter of convenience and for reference, and in no way define, limit, extend, or describe the

27   scope of this Settlement or any of its provisions. Each term of this Settlement is contractual and

28   not merely a recital, except for those denominated as recitals in section II.

1   **XXIV. MODIFICATION**

2          This Settlement may not be changed, altered, or modified, except in writing and signed

3   by the Parties and approved by the Court. This Settlement may not be discharged except by

4   performance in accordance with its terms as approved by the Court or by a writing signed by the

5   Parties.

6   **XXV.  APPLICABLE LAW**

7          All terms and conditions of this Agreement and its exhibits will be governed by and

8   interpreted according to the laws of the State of California, without giving effect to any conflict

9   of law or choice of law principles.

10  **XXVI. INTEGRATION CLAUSE**

11         This Settlement and its exhibits constitute the entire agreement between the Parties and

12  their respective counsel relating to the Settlement and transactions contemplated by the

13  Settlement. All prior or contemporaneous agreements, understandings, representations, and

14  statements, whether oral or written and whether by a Party or a Party's counsel, are merged into

15  this Settlement. No rights under this Settlement may be waived except in writing.

16  **XXVII.        BINDING ON ASSIGNS**

17         This Settlement will be binding upon and will inure to the benefit of the Parties and their

18  respective heirs, trustees, executors, administrators, successors and assigns.

19  **XXVIII.        COUNTERPARTS**

20         This Settlement may be executed in counterparts, and when each Party has signed and

21  delivered at least one such counterpart, each counterpart will be deemed an original, and, when

22  taken together with other signed counterparts, will constitute one Settlement, which will be

23  binding upon and effective as to all Parties, subject to court approval.

24  **XXIX. PARTICIPATING CLASS MEMBERS BOUND BY SETTLEMENT**

25         Because the Class Members are so numerous, it is impossible or impractical to have each

26  Participating Class Member execute this Settlement.  The Class Notice will inform all Class

27  Members of the binding nature of the release of the State Law Released Claims and it will have

28  the same force and effect as if this Settlement were executed by each Participating Class

1   Member.

2   **XXX. PARTIES' AUTHORITY TO SIGN**

3   The signatories to this Settlement hereby represent that they are fully authorized to enter

4   into this Settlement on behalf of themselves or their respective principals.

5   **EXECUTION BY PARTIES AND COUNSEL**

6   The Parties and their counsel hereby execute this document to evidence their acceptance

7   of and agreement to the Settlement.

8   DATED: January ___, 2010

9

10   _____
               Thomas Leonard

11   DATED: January ___, 2010

12

13   _____
               Charlie Bradaric

13   DATED: January ___, 2010

14

15   _____
               Gary Hoskins

16   DATED: January ___, 2010

17

18   _____
               Larry Newman

19   DATED: January ___, 2010

20

21   _____
               Chris Herr

22   DATED: January ___, 2010

23

24   _____
               William Harrison

24   DATED: January 21, 2010

25

26   _____
               Kathleen Morrison

27

28                     29              Case No. C 05 00829 (JW)

1   DATED: January 21, 2010

2                                          _Gary Castro_ (signature)
                                           Gary Castro

3   DATED: January 21, 2010

4                                          _(signature)_
                                           Thomas Terusa
5   DATED: January ___, 2010              SPIRO MOSS LLP

6

7                                          By:_____
                                                    Ira Spiro
8                                              Attorneys for Plaintiffs

9   DATED: January 22, 2010               WALSH & WALSH, P.C.

10                                         By:_____
                                                  Michael J. Walsh
11                                             Attorneys for Plaintiffs

12  DATED: January ___, 2010              GIGLIOTTI & GIGLIOTTI LLP

13

14                                         By:_____
                                                  Joseph J. Gigliotti
                                               Attorneys for Plaintiffs
15  DATED: January 22, 2010               GINEZ, STEINMETZ & ASSOCIATES

16

17                                         By:_____
                                                    Rudy Ginez
                                               Attorneys for Plaintiffs
18

19  DATED: January 21, 2010               LANGFORD & LANGFORD, APLC

20                                         By:_____
                                                 Michael S. Langford
21                                             Attorneys for Plaintiffs

22  DATED: January ___, 2010              BIMBO BAKERIES USA, INC.

23

24                                         By:_____
                                                 Shelly W. Seligman
    DATED: January ___, 2010              BINGHAM MCCUTCHEN LLP
25

26                                         By:_____
                                                 Wendy M. Lazerson
27                                             Attorneys for Defendant

28                                    30                      Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

DATED: January ___, 2010

_____
Gary Castro

DATED: January ___, 2010

_____
Thomas Terusa

DATED: January ___, 2010        SPIRO MOSS LLP

By:_____
Ira Spiro
Attorneys for Plaintiffs

DATED: January ___, 2010        WALSH & WALSH, P.C.

By:_____
Michael J. Walsh
Attorneys for Plaintiffs

DATED: January 18, 2010         GIGLIOTTI & GIGLIOTTI LLP

By:_____
Joseph J. Gigliotti
Attorneys for Plaintiffs

DATED: January ___, 2010        GINEZ, STEINMETZ & ASSOCIATES

By:_____
Rudy Ginez
Attorneys for Plaintiffs

DATED: January ___, 2010        LANGFORD & LANGFORD, APLC

By:_____
Michael S. Langford
Attorneys for Plaintiffs

DATED: January ___, 2010        BIMBO BAKERIES USA, INC.

By:_____
Shelly W. Seligman

DATED: January ___, 2010        BINGHAM MCCUTCHEN LLP

By:_____
Wendy M. Lazerson
Attorneys for Defendant

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1    DATED:  January ___, 2010

2                                              _____
                                                        Gary Castro
3
     DATED:  January ___, 2010
4

5                                              _____
                                                        Thomas Terusa
6    DATED:  January ___, 2010     SPIRO MOSS LLP

7                                   By:_____
                                                        Ira Spiro
8                                                Attorneys for Plaintiffs

9    DATED:  January ___, 2010     WALSH & WALSH, P.C.

10                                  By:_____
                                                   Michael J. Walsh
11                                              Attorneys for Plaintiffs

12   DATED:  January ___, 2010     GIGLIOTTI & GIGLIOTTI LLP

13                                  By:_____
                                                  Joseph J. Gigliotti
14                                              Attorneys for Plaintiffs

15   DATED:  January ___, 2010     GINEZ, STEINMETZ & ASSOCIATES

16                                  By:_____
17                                                   Rudy Ginez
                                                Attorneys for Plaintiffs
18

19   DATED:  January ___, 2010     LANGFORD & LANGFORD, APLC

20                                  By:_____
                                                  Michael S. Langford
21                                              Attorneys for Plaintiffs

22   DATED:  January ___, 2010     BIMBO BAKERIES USA, INC.

23                                  By:_____
                                                  Shelly W. Seligman
24   DATED:  January ___, 2010     BINGHAM MCCUTCHEN LLP

25

26                                  By:_____
                                                  Wendy M. Lazerson
27                                              Attorneys for Defendant

28
                                             30                 Case No. C 05 00829 (JW)
     ────────────────────────────────────────────────────────────
              JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1  DATED: January ___, 2010

2
                                        _____
3  DATED: January ___, 2010                      Thomas Terusa
                                        SPIRO MOSS LLP
4

5                                       By:_____
                                                    Ira Spiro
6                                            Attorneys for Plaintiffs

7  DATED: January ___, 2010            WALSH & WALSH, P.C.

8

9                                       By:_____
                                              Michael J. Walsh
10                                           Attorneys for Plaintiffs

11 DATED: January ___, 2010            GIGLIOTTI & GIGLIOTTI LLP

12

13                                      By:_____
                                              Joseph J. Gigliotti
14                                           Attorneys for Plaintiffs

15 DATED: January ___, 2010            GINEZ, STEINMETZ & ASSOCIATES

16

17                                      By:_____
                                                   Rudy Ginez
18                                           Attorneys for Plaintiffs

19 DATED: January ___, 2010            LANGFORD & LANGFORD, APLC

20                                      By:_____
                                              Michael S. Langford
21                                           Attorneys for Plaintiffs

22 DATED: January ___, 2010            BIMBO BAKERIES USA, INC.

23

24                                      By:_____
                                              Shelly W. Seligman
25 DATED: January 22, 2010             **SHELLY W. SELIGMAN, Vice President and Secretary**
                                        BINGHAM MCCUTCHEN LLP
26

27                                      By:_____
                                              Wendy M. Lazerson
28                                           Attorneys for Defendant

                                30

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1   Member.

2   ## XXX. PARTIES' AUTHORITY TO SIGN

3       The signatories to this Settlement hereby represent that they are fully authorized to enter

4   into this Settlement on behalf of themselves or their respective principals.

5   ### EXECUTION BY PARTIES AND COUNSEL

6       The Parties and their counsel hereby execute this document to evidence their acceptance

7   of and agreement to the Settlement.

8   DATED: January 26, 2010

9

10   _____
     Thomas Leonard

11   DATED: January ___, 2010

12

13   _____
     Charlie Bradaric

14   DATED: January ___, 2010

15

16   _____
     Gary Hoskins

17   DATED: January ___, 2010

18

19   _____
     Larry Newman

20   DATED: January ___, 2010

21

22   _____
     Chris Herr

23   DATED: January ___, 2010

24

25   _____
     William Harrison

26   DATED: January ___, 2010

27

28   _____
     Kathleen Morrison

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1   Member.

2   **XXX. PARTIES' AUTHORITY TO SIGN**

3          The signatories to this Settlement hereby represent that they are fully authorized to enter

4   into this Settlement on behalf of themselves or their respective principals.

5                      **EXECUTION BY PARTIES AND COUNSEL**

6          The Parties and their counsel hereby execute this document to evidence their acceptance

7   of and agreement to the Settlement.

8   DATED: January ___, 2010

9

10  _____
                                    Thomas Leonard

11  DATED: January 27, 2010

12  _____
                                    Charlie Bradaric

13

14  DATED: January ___, 2010

15  _____
                                    Gary Hoskins

16  DATED: January ___, 2010

17

18  _____
                                    Larry Newman

19  DATED: January ___, 2010

20

21  _____
                                    Chris Herr

22  DATED: January ___, 2010

23

24  _____
                                    William Hardeen

25  DATED: January ___, 2010

26

27  _____
                                    Kathleen Morrison

28

                                   29                        Case No. C 05 00829 (JW)

1  Member.

2  **XXX. PARTIES' AUTHORITY TO SIGN**

3         The signatories to this Settlement hereby represent that they are fully authorized to enter

4  into this Settlement on behalf of themselves or their respective principals.

5                          **EXECUTION BY PARTIES AND COUNSEL**

6         The Parties and their counsel hereby execute this document to evidence their acceptance

7  of and agreement to the Settlement.

8  DATED: January ___, 2010

9

10                                                                    _____
                                                                      Thomas Leonard

11  DATED: January ___, 2010

12

13                                                                    _____
                                                                      Charlie Bradaric

14  DATED: January ___, 2010

15                                                                    _____
                                                                      Gary Hoskins

16  DATED: January ___, 2010

17

18                                                                    _____
                                                                      Larry Newman

19  DATED: January ___, 2010

20

21                                                                    _____
                                                                      Chris Herr

22  DATED: January ___, 2010

23

24                                                                    _____
                                                                      William Harrison

25  DATED: January ___, 2010

26                                                                    _____
                                                                      Kathleen Morrison

27

28

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1    Member.

2    **XXX. PARTIES' AUTHORITY TO SIGN**

3      The signatories to this Settlement hereby represent that they are fully authorized to enter

4    into this Settlement on behalf of themselves or their respective principals.

5             **EXECUTION BY PARTIES AND COUNSEL**

6      The Parties and their counsel hereby execute this document to evidence their acceptance

7    of and agreement to the Settlement.

8    DATED: January ___, 2010

9

10                        Thomas Leonard

11    DATED: January ___, 2010

12

13                        Charlie Bradarich

14    DATED: January ___, 2010

15                        Gary Hoskins

16    DATED: January 29, 2010

17

18                        Larry Newman

19    DATED: January ___, 2010

20

21                        Chris Herr

22    DATED: January ___, 2010

23

24                        William Harrison

25    DATED: January ___, 2010

26                        Kathleen Morrison

27

28             29                    Case No. C 05 00829 (JW)

1   Member.

2   **XXX. PARTIES' AUTHORITY TO SIGN**

3        The signatories to this Settlement hereby represent that they are fully authorized to enter

4   into this Settlement on behalf of themselves or their respective principals.

5                   **EXECUTION BY PARTIES AND COUNSEL**

6        The Parties and their counsel hereby execute this document to evidence their acceptance

7   of and agreement to the Settlement.

8   DATED: January ___, 2010

9

10   _____

                              Thomas Leonard

11   DATED: January ___, 2010

12

13   _____

                              Charlie Bradaric

14   DATED: January ___, 2010

15

16   _____

                              Gary Hoskins

17

18   _____

                              Larry Newman

19   DATED: January 27, 2010

20

21   _____

                              Chris Herr

22   DATED: January ___, 2010

23

24   _____

                              William Harrison

25   DATED: January ___, 2010

26

27   _____

                              Kathleen Morrison

28
                                    29                        Case No. C 05 00829 (JW)

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE

1   Member.

2   **XXX.  PARTIES' AUTHORITY TO SIGN**

3          The signatories to this Settlement hereby represent that they are fully authorized to enter

4   into this Settlement on behalf of themselves or their respective principals.

5                              **EXECUTION BY PARTIES AND COUNSEL**

6          The Parties and their counsel hereby execute this document to evidence their acceptance

7   of and agreement to the Settlement.

8   DATED:  January ___, 2010

9

10   _____
                                    Thomas Leonard

11   DATED: January ___, 2010

12

13   _____
                                    Charlie Bradaric

14   DATED: January ___, 2010

15

16   _____
                                    Gary Hoskins

17

18   _____
                                    Larry Newman

19   DATED: January ___, 2010

20

21   _____
                                    Chris Herr

22   DATED; January ___, 2010

23   _William Harrison_ (signature)

24   _____
                                    William Harrison

25   DATED: January ___, 2010

26

27   _____
                                    Kathleen Morrison

28

                              29                    Case No. C 05 00829 (JW)

EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   In re BIMBO BAKERIES USA FLSA ACTIONS          No.  C 05-00829 JW consolidated with
                                                    No.  C 07-03156 JW
13
                                                    **[PROPOSED] ORDER GRANTING**
14                                                  **PRELIMINARY APPROVAL OF**
                                                    **SETTLEMENT**
15

16

17          On _____, 2010, the Court heard a motion by Thomas Leonard,

18   Charlie Bradaric, Gary Hoskins, Larry Brian Newman, Chris Herr, William Harrison, Kathleen

19   Morrison, Gary Castro, and Thomas Terusa (collectively, the "Class Representatives").  The

20   Court has considered the Joint Stipulation of Class Settlement and Release ("Stipulation") and

21   the proposed Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing

22   ("Class Notice") and attached exhibits, and the submissions of counsel, and hereby finds and

23   orders as follows:

24          1.     The Court finds on a preliminary basis that the settlement memorialized in the

25   Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets

26   the requirements for preliminary approval.

27

28

1    2.  The Court conditionally certifies, for settlement purposes only, the following class

2 ("Class"):[1]  All persons who were on the payroll of Bimbo Bakeries USA, Inc. ("BBU") for at

3 least one day during the period of time beginning on February 25, 2001 and ending on the date of

4 this Order, employed in the position of Route Sales Representative and/or substantially similar

5 jobs (e.g., relief/vacation Route Sales Representative, or route sales extra) in the State of

6 California.  The Court finds, for settlement purposes only, the requirements of Federal Rule of

7 Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the

8 exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for

9 purposes of settlement.  The Court further finds, for settlement purposes only, that conditional

10 certification of the Action as a collective action under section 216(b) of the Fair Labor Standards

11 Act ("FLSA") is appropriate.

12    3.  This Order, which conditionally certifies a class action for settlement purposes

13 only, shall not be cited in this or any matter for the purpose of seeking class or collective

14 certification or for any other purpose, other than enforcing the terms of the Stipulation.

15    4.  The Court appoints, for settlement purposes only, Thomas Leonard, Charlie

16 Bradaric, Gary Hoskins, Larry Brian Newman, Chris Herr, William Harrison, Kathleen

17 Morrison, Gary Castro, and Thomas Terusa as Class Representatives.

18    5.  The Court appoints, for settlement purposes only, Ira Spiro and Spiro Moss LLP,

19 Michael Walsh and Walsh & Walsh, PC, Michael S. Langford and Langford &Langford, a PLC,

20 Joseph J. Gigliotti and Gigliotti & Gigliotti, L.L.P., and Rudy Ginez, Jr. and Ginez, Steinmetz &

21 Associates as Class Counsel for the purposes of Settlement and the releases and other obligations

22 therein.  Simpluris, LLC is appointed as Settlement Administrator.

23    6.  The Class Notice, attached to the Motion for Preliminary Approval as Exhibit B,

24 and the Claim Form, Change of Name and/or Address Information, Election Not to Participate in

25 Settlement, and Settlement Administrator form of letter regarding inconsistent documentation,

26  _____

27 [1] All capitalized terms in this Order shall have the same definitions as those set forth in the Stipulation.

28

1    attached to the Class Notice as Forms A through D, respectively, are approved.  The Settlement

2    Administrator is ordered to mail those documents to the Class members as provided in the

3    Stipulation.

4         7.     Each Class Member will have forty-five (45) days after the date on which the

5    Settlement Administrator mails the Class Notice to object to the Settlement by serving of the

6    Settlement Administrator, Class Counsel, and Counsel for BBU, and filing with the Court, by the

7    forty-five (45) day deadline, a written objection to the Settlement.

8         8.     The Court will conduct a Final Approval Hearing on _____, 2010

9    at _____ a.m./p.m. to determine the overall fairness of the settlement and to fix the amount of

10   attorneys' fees and costs to Class Counsel and enhancements to Class Representatives.  The

11   Final Approval Hearing may be continued without further notice to Class Members.  Class

12   Counsel shall file their motion for approval of the settlement, including approval of attorneys'

13   fees, costs, and Class Representative enhancements sought in the Settlement, on or before

14   _____, 2010.

15

16         IT IS SO ORDERED.

17   Dated: _____, _____, 2010

                                        _____
18                                       The Honorable James Ware
                                         United States District Court Judge
19

20

21

22

23

24

25

26

27

28

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re BIMBO BAKERIES USA FLSA ACTIONS | No.  C 05-00829 JW consolidated with No.  C 07-03156 JW |
| | **NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING** |

**Note:  Please read this notice carefully, it may affect your legal rights to claim additional wages and other monies during your employment by Bimbo Bakeries USA, Inc. ("BBU").**

**If you wish to claim a share of the settlement described in this notice (the "Settlement"), you must fully complete and sign a Claim Form, postmarked or received by the Settlement Administrator (contact information provided below) on or before [DATE], or else you will not receive your share of the Settlement.**

**If you wish to object to the Settlement, you must follow the directions in this notice.**

**If you do not want to participate in the Settlement, you must fully complete, sign, and return your completed Election Not to Participate in Settlement form, postmarked or received by the Settlement Administrator on or before [DATE], or else you will be bound by the Settlement, as set forth below, even if you do not claim your share of the Settlement.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on the Preliminary Approval Date, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

## I.    SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS

Because your rights will be affected by this Settlement, it is extremely important

that you read this Notice carefully.

**A.      To Whom This Notice Is Directed:**

This Notice, which has been approved by the Court, is to notify Class Members (defined below) in the class action *In Re Bimbo Bakeries USA FLSA Actions* (the "Action"), currently pending in the United States District Court for the District of Northern California, of the proposed Settlement of that case.  The Court has granted preliminary approval to the Settlement, and has conditionally certified the Class for Settlement purposes only.  The Court has certified, for settlement purposes, the following class (the "Class"):

> All Persons who were on the payroll of BBU for at least one day during the period of time beginning on February 25, 2001 and ending on the Preliminary Approval Date, in the position of Route Sales Representative and/or substantially similar jobs (e.g., relief/vacation Route Sales Representative, or route sales extra) (collectively, "RSR") in the State of California.

According to BBU's records, you are a member of the Class ("Class Member").  The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

**B.      What is a Class Action?**

A class action is a lawsuit in which the claims and rights of many people ("Class Members") are decided in a single court proceeding.  One or more representative plaintiffs ("Class Representatives") file a lawsuit asserting claims on behalf of all the class members.

**C.      Important Options And Dates**

You have several options:

(1)      To be eligible for a payment under the Settlement, you must fully complete and sign a Claim Form (which is attached to this Notice) and submit it to the Settlement Administrator by first-class mail, postmarked by _____, 2010, or deliver it to the Settlement Administrator by that date, following the procedure described in Section IV.  If you do not do this, you will receive no money from this Settlement.

(2)      You may object to the Settlement in writing, postmarked by _____, 2010, following the procedure described in Section IV.H.

(3)      You may elect not to participate in the Settlement, in which case you will no

NOTICE OF CLASS SETTLEMENT

1  longer be a Class Member (and therefore will receive no money under this Settlement), and you

2  will not release your claims, which means that you will be able to bring a separate lawsuit on

3  your own for these claims.  To elect not to participate in the Settlement, you must fully complete

4  and sign an Election Not to Participate in Settlement and submit it to the Settlement

5  Administrator by first-class mail, postmarked by _____, 2010, or fax or deliver it to the

6  Settlement Administrator by that date, following the procedure described in Section IV.G.

7  **II.**      **BACKGROUND OF THE ACTION**

8  **A.**      **The Claims At Issue**

9          On February 25, 2005, Thomas Leonard, Charlie Bradaric, Gary Hoskins, Larry

10  Brian Newman, Chris Herr, and William Harrison (the "Class Representatives") commenced a

11  putative class and collective action against Bimbo Bakeries USA, Inc. and George Weston

12  Bakeries (together "BBU") in the United States District Court for the Northern District of

13  California (the "Action"), where the Action is now pending.  The following individuals later

14  joined the Action and are also Class Representatives:  Kathleen Morrison, Gary Castro, and

15  Thomas Terusa,.  The following individuals also later joined the Action but are not Class

16  Representatives:  Robert Jeter and Anthony Motte.  In the Complaint, the Class Representatives

17  allege primarily that BBU misclassified them as exempt from federal and state overtime pay laws

18  and that they had worked overtime hours for which they should have been paid, but were not.

19  The Class Representatives also allege that BBU did not pay overtime at the proper rate, did not

20  pay minimum wage, did not provide meal periods and rest breaks to Class Members, did not

21  provide accurate wage statements, and did not timely pay all wages due on termination.  The

22  Class representatives requested damages under the federal Fair Labor Standards Act ("FLSA")

23  and California state wage-and-hour laws.  The Class Representatives also sought penalties,

24  attorneys' fees and costs.

25          The parties in this Action disagree as to the probable outcome of the Action with

26  respect to liability and damages if it were not settled.  While the Class Representatives were

27  prepared to proceed with litigating the case described above, the Class Representatives recognize

28  that litigating is a risky proposition and that they may not have prevailed on any or all of their

1  claims.  Likewise, while BBU was confident that no class properly could be certified, that it had

2  strong legal and factual arguments that would result in the dismissal of the Class

3  Representatives' claims, it recognizes the risks, distractions, and costs involved with litigation.

4  **B.      BBU'S DENIAL OF LIABILITY**

5         BBU denies all of the Class Representatives' allegations.  Specifically, BBU

6  denies that the Class Representatives or the Class Members have been misclassified under

7  federal or state overtime laws, are owed any additional compensation for the hours they worked,

8  have been denied meal periods and rest breaks, have received inaccurate or deficient wage

9  statements, or have not been timely paid all wages upon termination.

10  **III.      SUMMARY OF THE SETTLEMENT**

11         This Settlement is the result of good-faith, arms-length negotiations between the

12  Class Representatives and BBU, through their respective attorneys, which included months of

13  discussions, the informal exchange of thousands of pages of documents and data, negotiations

14  through counsel experienced in these types of cases, and two lengthy mediations conducted by

15  experienced mediators.  The Settlement represents a compromise regarding disputed claims,

16  considering the risks and uncertainties of continued litigation.  The Class Representatives'

17  counsel have determined that the Settlement is fair, reasonable and adequate and is in the best

18  interests of the Class Members.  Please be advised that the Court has not ruled on the merits of

19  the Class Representatives' claims or BBU's defenses.

20         The attorneys for the Putative Class in the Action ("Class Counsel") are:

21     Ira Spiro                     SPIRO MOSS LLP
                                           11377 W. Olympic Blvd., 5th Floor

22                                       Los Angeles, CA  90064
                                         (310) 235-2468

23     Michael J. Walsh       WALSH & WALSH, PC
                                         420 Exchange, Suite 270

24                                       Irvine, CA  92602
                                         (714) 544-6609

25     Michael S. Langford    LANGFORD & LANGFORD, a PLC

26                                       24681 La Plaza, Suite 220
                                         Dana Point, CA  92629

27                                       (949) 545-6540

28

NOTICE OF CLASS SETTLEMENT

Joseph J. Gigliotti

GIGLIOTTI & GIGLIOTTI, L.L.P.
434 East Chapman Avenue
Fullerton, CA  92832
(714) 879-1712

Rudy Ginez, Jr.

GINEZ, STEINMETZ & ASSOCIATES
926 North Flower Street
Santa Ana, CA  92703
(714) 541-2251

The attorneys for BBU are:

Wendy M. Lazerson

BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA  94303
(650) 849-4400

**A.      The Settlement Agreement And The Court's Final Approval Hearing**

The parties have presented the Settlement to the Court for its review.  On _____,

2010, the Court granted preliminary approval of the proposed Settlement.  The Court will decide

whether to give final approval to the proposed Settlement at a hearing scheduled for **[\*\***

**INSERT DATE\*\*]** ("Final Approval Hearing").  See Section V below for details.  Only after

the Settlement is granted final approval will money be paid to Class Members under the

Settlement.

**B.      Summary Of Terms Of The Proposed Settlement**

Subject to Court approval, the terms of the Settlement are as follows:

1.      BBU will pay up to $3,750,000.00 (the "Maximum Settlement Amount")

to pay:  (a) the timely and proper claims of Class Members; (b) Class Counsel's fees and

litigation costs; (c) enhanced awards to the Class Representatives for their service to the Class in

securing the Settlement; and (d) the costs of administering the Settlement.

2.      After deduction from the Maximum Settlement Amount for attorneys'

fees, litigation costs, enhanced awards to the Class Representatives, and the costs of

administering the Settlement, from the remaining amount (the "Net Settlement Amount"), a

Settlement Administrator approved by the Court will make a settlement payment to each Class

Member who submits a timely, proper and fully complete Claim Form (enclosed with this Notice

as Form A). These payments will be based on a formula that accounts for each Settlement Class

1   Member's Compensable Work Weeks (the number of weeks worked in a position covered by the

2   Class period described above) while employed by BBU.

3        3.     A portion of each payment made pursuant to this Settlement to a Claimant

4   will be subject to required wage holdings and deductions; therefore, the net payable amount will

5   be less than the gross amount of the Settlement share.  Neither Class Counsel nor BBU makes

6   any representations concerning tax consequences of this settlement or participation in it, and you

7   are advised to seek your own personal tax advice prior to acting in response to this Notice.

8        4.     Class Counsel will ask the Court to award attorneys' fees of up to 30% of

9   the Maximum Settlement Amount.  In addition, Class Counsel will ask the Court to authorize an

10  enhanced award of up to Ten Thousand Dollars ($10,000.00) to each of the nine Class

11  Representatives for their service to the Class, including direct participation in Class Counsel's

12  fact investigation, providing sworn testimony in some instances, and the settlement negotiations.

13  **C.**     **Release Of Claims**

14       1.     <u>Release of State Law Claims</u>

15       Each Class Member who does not timely and properly request exclusion from the

16  Settlement in accordance with Section IV.G. below (the "Participating Class Members") is

17  deemed to have fully and finally released and discharged BBU, and each of its past, present and

18  future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including

19  such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and

20  subdivisions, and its and each of such entities' current and former officers, directors, employees,

21  partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their

22  individual and corporate capacities (the "BBU Parties"), from any and all claims, obligations,

23  causes of action, actions, demands, rights, and liabilities of every kind, nature and description,

24  whether known or unknown, whether anticipated or unanticipated, prior to the date of the Court's

25  order of final approval or March 31, 2010, whichever first occurs, (1) relating to claims that were

26  pled in the Action, and/or (2) which could have been pled which arise out of or relate to

27  classification or misclassification of exempt status in the consolidated Action, including but not

28  limited to claims for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged

NOTICE OF CLASS SETTLEMENT

1   failure to pay minimum wage, (iii) the alleged failure to provide meal periods or rest breaks, (iv)

2   the alleged failure to provide itemized wage statements, (v) the alleged failure to timely pay

3   wages due, (vi) any alleged failure to provide benefits; and (vii) all other wage/hour and wage

4   payment Claims arising under the laws of the State of California and arising from or related to

5   classification or misclassification of exempt status, including, without limitation, statutory,

6   constitutional, regulatory, contractual or common law claims for wages, damages, unpaid costs;

7   any and all of the following based on the foregoing claims and/or causes of action: penalties

8   (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys'

9   fees, litigation costs, restitution, or equitable relief; and Claims for unfair business practices or

10  unfair competition, including, without limitation, claims arising under California Bus & Prof.

11  Code sections 17200 *et seq.* (collectively, the "State Law Released Claims). The State Law

12  Released Claims are the claims meeting the above definition under any and all applicable

13  statutes, regulations or common law. The State Law Released Claims include all such claims,

14  whether know or unknown by them. Thus, even if a Participating Class Member discovers facts

15  in addition to or different from those that he or she now knows or believes to be true with respect

16  to the subject matter of his or her released claims, those claims will be released and forever

17  barred. Therefore, the Participating Class member expressly waives and relinquishes the

18  applicable provisions, rights and benefits of section 1542 of the California Civil Code and any

19  analogous law, statute, or rule. Section 1542 states:

20
21              A general release does not extend to claims which the creditor does
                not know or suspect to exist in his or her favor at the time of
                executing the release, which if known by him or her must have
22              materially affected his or her settlement with the debtor.

23          2.      Release of Federal Claims

24          In addition, each Class Member who properly submits a complete, signed and

25  timely Claim Form is deemed to have fully and finally released and discharged the BBU Parties

26  from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities,

27  whether known or unknown, whether anticipated or unanticipated, arising prior to the date of the

28  Court's order of final approval or March 31, 2010, whichever first occurs, that were asserted,

1    relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA,

2    including claims for wages, overtime, straight time, minimum wages, meal and rest breaks,

3    premium pay, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and

4    equitable relief (collectively, the "Federal Law Released Claims").  The Federal Law Released

5    Claims include all such claims, whether know or unknown by them.  Thus, even if a

6    Participating Class Member discovers facts in addition to or different from those that he or she

7    now knows or believes to be true with respect to the subject matter of his or her released claims,

8    those claims will be released and forever barred.  Therefore, each Claimant expressly waives and

9    relinquishes the applicable provisions, rights and benefits of section 1542 of the California Civil

10   Code and any analogous law, statute, or rule.

11   **IV.    HOW TO RECEIVE MONEY FROM THE SETTLEMENT**

12   **A.    Participating In The Settlement By Completing and Submitting The Claim Form**

13                In order to be eligible to receive a payment under the Settlement, you must fully

14   complete, sign, and mail the enclosed Claim Form (enclosed with this Notice as Form A) to the

15   Settlement Administrator at the address listed below.  <u>Your Claim Form must be postmarked no</u>

16   <u>later than [**INSERT DATE**].</u>

17                The Settlement Administrator is:

18                Simpluris, Inc.
                  c/o _____
19                _____

20                Telephone: _____
                  Fax: _____
21
22                If you need another Claim Form, contact the Settlement Administrator.  **If you do**

     **not submit a Claim Form, you will not receive any money from the Settlement.**
23
     **B.    How Will My Settlement Share Be Calculated?**
24
                  The Maximum Settlement amount that BBU will pay is $3,750,000.00.  BBU will pay a
25
     minimum of 50% of the Net Settlement Fund to Claimants.  The Net Settlement Fund equals the
26
     Settlement Fund minus (i) the Class Representative Payments (see Section III.B.4.), (ii) the Class
27
     Counsel Attorneys' Fees and Costs Payment (see Section III.B.4.), and (iii) the cost of this
28

Notice and the settlement administration, and (iv) a minimum payment of $100 to each of the Claimants.  Each Claimant's Settlement Share will be his or her minimum payment plus the product of the Net Settlement Fund times the percentage (rounded up or down to the nearest five-digit decimal) of (i) that Claimant's number of Compensable Work Weeks applicable to that Claimant divided by (ii) the total of all Claimants' Compensable Work Weeks.

**C.     When Will My Share of the Settlement Be Distributed To Me?**

Within ten (10) days after the Court's order granting final approval of the Settlement becomes final and non-appealable, the Settlement Administrator will mail the Settlement Share checks to all Claimants who are eligible and submitted valid and timely Claim Forms.  It is expected that checks will be mailed out sometime in April 2010, but that date is subject to change.

**D.     Settlement Share Checks Not Cashed Within Six Months Will Be Forfeited**

If any Claimant who submitted a timely and valid Claim Form does not cash the check for his or her Settlement Share within six (6) months after issuance, he or she will not receive any proceeds under the Settlement and the Settlement Share proceeds will be returned to BBU.

**E.     Tax Consequences**

Half of each Settlement share is considered a settlement of claims for wages subject to Form W-2 reporting and, therefore, will be reduced by normal payroll tax withholding and deductions.  The employer's share of applicable payroll taxes will be paid by BBU and funded separately from and in addition to the Maximum Settlement Amount.

The remaining half of each Settlement share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting.  Claimants will be responsible for all taxes owed based on this half of the Settlement share.

**F.     Non-Retaliation**

BBU understands and acknowledges that it has a legal obligation not to retaliate against any Class Member who elects to participate in the Settlement.

**G.     To Request Exclusion From the Settlement**

If you do not want to participate in the Settlement, you must complete, sign and

NOTICE OF CLASS SETTLEMENT

1    mail the enclosed Election Not to Participate in Settlement (enclosed with this Notice as Form C)

2    to the Settlement Administrator.  In order to be valid, your completed Election Not to Participate

3    in Settlement must be postmarked no later than **[\*\*INSERT DATE\*\*]**.

4           If you properly submit a timely Election Not to Participate in Settlement, you will

5    not be eligible to receive any of the benefits under the Settlement.  You will, however, retain

6    whatever legal rights you may have against BBU with regard to the Released State Law Claims

7    and Released Federal Law Claims.

8    **H.      How to Object to the Settlement (If Desired)**

9           If you wish, you may object to the Settlement by submitting a written notice of

10   objection.  However, if the Court grants final approval to the Settlement, you will still be bound

11   by the Settlement, unless you elect not to participate in the Settlement, following the procedure

12   described in Paragraph G, above.  You may object to the Settlement, either personally or through

13   an attorney at your own expense, by filing a written objection with the Court and mailing a copy

14   of your written objection to Class Counsel, Counsel for BBU, and the Settlement Administrator

15   at their respective addresses listed above.

16          All objections must be signed and set forth your address, telephone number, and

17   the name of the Action:  *In Re Bimbo Bakeries USA FLSA Actions*, Case No. C-05-00829 JW

18   consolidated with Case No. C-07-03156 JW.  To be valid, any objections must be postmarked to

19   (or received by) Class Counsel, Counsel for BBU, and the Settlement Administrator, no later

20   than **[\*\*INSERT DATE\*\*],** at the addresses listed above.  If you submit a timely and valid

21   objection, you may appear, either personally or through an attorney, at your own expense, at the

22   Final Approval Hearing, discussed below.  Your objection should clearly explain why you object

23   to the proposed Settlement and must state whether you or someone on your behalf intends to

24   appear at the Final Approval Hearing.

25          Any Class Member who does not object in the manner described above shall be

26   deemed to have waived any objections, and shall forever be foreclosed from objecting to the

27   fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs,

28   the enhancement awards to the Class Representatives, the claims process, and any and all other

aspects of the Settlement.  If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney.  If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must comply with the claim form submission requirements described in Section IV.A.  If the Court approves the Settlement despite any comments or objections, and you have not properly submitted a Claim Form, you will not receive any money from the Settlement.

<u>Regardless of whether you file an objection, in order to be eligible to receive any proceeds under the Settlement, you must properly submit a timely Claim Form.</u>

Likewise, regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against BBU as set forth in Section III.C.1. above unless you properly request exclusion from the Settlement in accordance with Paragraph G above.

**I.      If You Do Nothing**

If you do nothing in response to this Notice, you will not be eligible to receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims as set forth in Section III.C.1, above.

**V.      FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of allocation, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhancement awards to the Class Representatives on **[\*\*INSERT DATE AND TIME\*\*]** in Courtroom **[\*\*INSERT ROOM #\*\*]** of the United States District Court for the District of Northern California, located at 280 South First Street, San Jose, California.  The Final Approval Hearing may be continued without further notice to Class Members.  **It is not necessary for you to appear at this hearing**.  You may appear at the hearing if you wish, if you have given notice of any objections to the Settlement under the procedures set forth in Section IV.H, above.

**VI.     ADDITIONAL INFORMATION**

1   **A.       No Cost To You**

2         The Settlement does not require you to pay money out of pocket.  However, you are

3   responsible for all taxes owed on your paid Settlement Shares.  BBU will be responsible for

4   paying the employer's share of any payroll taxes paid in the Settlement.

5   **B.       Tax Advice Caveat**

6         Any perceived tax advice in this Notice was not intended or written to be used, and it

7   cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be

8   imposed on any person.  This Notice imposes no limitation on the disclosure of the tax treatment

9   or tax structure of any transaction.  Class Counsel cannot give you tax advice.

10  **C.       This Notice Provides Only A Summary**

11        This Notice only summarizes the Action, the Settlement, and other related

12  matters.  For more information, you may review the Court's files, including the detailed Joint

13  Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court.  The

14  pleadings and other records in this Action including the Joint Stipulation and Settlement

15  Agreement, may be examined at the at the Office of the Clerk of Court, United States District

16  Court for the District of Northern California, 280 South First Street, San Jose, CA 95113, or

17  online through the Public Access to Court Electronic Resources System, known as "PACER," at

18  http://ecf.cand.uscourts.gov.  **You may also contact the Settlement Administrator at**

19  **_____.  Do not telephone the Court or BBU's counsel for information**

20  **regarding this Settlement or the claim process.**

21  **D.       If You Have Questions**

22        Any questions regarding this Notice, the Claim Form, or the Election Not to

23  Participate in Settlement Form should be directed to the Settlement Administrator at the above

24  address and telephone number.  If your address changes, or is different from the one on the

25  envelope enclosing this Notice, please promptly notify the Settlement Administrator as instructed

26  in Paragraph E. below.

27  **E.       If You Change Your Name or Address**

28        If, for future reference and mailings from the Court or Settlement Administrator,

1   you wish to change the name or address listed on the envelope in which the Class Notice was

2   first mailed to you, then you must fully complete, sign, and mail the Change of Name And/Or

3   Address Information Form (enclosed with this Notice as Form B).

4   **PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

5   \*   \*   \*

6   By order of the United States District Court for the Northern District of

7   California.

8   Dated _____, 2010   _____

9   Hon. James Ware
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CLASS SETTLEMENT

**FORM A**

**CLAIM FORM**

*In Re Bimbo Bakeries USA FLSA Actions*
United States District Court for the District of Northern California (Case No: C 05-00829 JW
consolidated with No. C 07-03156 JW)

Instructions:  Please complete this Claim Form if you want to be eligible to receive a payment from the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") that accompanies this Form.  **The deadline for mailing this Form to the Settlement Administrator is [** INSERT DATE **].**

I.      **PERSONAL INFORMATION:**

Name (first, middle and last):_____

Home Street Address:  _____

City, State, Zip Code:  _____

Social Security Number:  _____

PLEASE PROVIDE YOUR Home or Mobile Telephone Number:  (      )

PLEASE PROVIDE YOUR E-mail address (optional) – to be used only to communicate with you regarding the Settlement: _____

II.     **YOUR WORK HISTORY WITH BBU:**

        The amount of your Settlement share is based on a formula that accounts for your Compensable Work Weeks (i.e., weeks that you worked in a job covered by the Settlement during the time period covered by the Settlement).  According to records maintained by BBU, you worked approximately the following number of Compensable Work Weeks (in a covered position, described in the Notice) during the Class Period:

        _____  Compensable Work Weeks between February 25, 2001 and _____, 2009

        Your dates of employment at BBU are/were:  [insert hire date] to [present or term date]

        **[** INSERT INFORMATION ABOUT INDIVIDUAL **]**

III.    **IF YOU DISPUTE BBU'S RECORDS:**

        Please complete this Section only if you <u>disagree</u> with the number of work weeks that BBU's records indicate that you worked during the relevant time period.  If you believe that

this information is incorrect, please:

      1.    Write in the space below the estimated number of work weeks you believe you worked at BBU in the RSR position (as described in the Class Notice) during the class period:

\_\_\_\_\_ Compensable Work Weeks between February 25, 2001 and _____, 2009

      2.    Please attach to this Claim Form any documents that support the information you have provided regarding the weeks you worked in this job within this period of time (for example, pay stubs or payroll records) or an explanation by you describing what you believe is inaccurate in BBU's records. Please be advised that BBU's records are presumed to be correct unless the documents or explanation you provide demonstrates otherwise.

## IV.    RELEASE OF CLAIMS.

      1.    I hereby release BBU and each of its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and its and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (the "BBU Parties"), from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the date of the Court's order of final approval or March 31, 2010, whichever first occurs, (1) relating to claims that were pled in the Action, and/or (2) which could have been pled which arise out of or relate to classification or misclassification of exempt status in the consolidated Action, including but not limited to claims for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to pay minimum wage, (iii) the alleged failure to provide meal periods or rest breaks, (iv) the alleged failure to provide itemized wage statements, (v) the alleged failure to timely pay wages due, (vi) any alleged failure to provide benefits; (vii) all other wage/hour and wage

1  payment Claims arising under the laws of the State of California and arising from or related to

2  classification or misclassification of exempt status, including, without limitation, statutory,

3  constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid

4  costs,; any and all of the following based on the foregoing claims and/or causes of action:

5  penalties (including penalties under PAGA), liquidated damages, punitive damages, interest,

6  attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for unfair business

7  practices or unfair competition, including, without limitation, claims arising under California

8  Bus. & Prof. Code sections 17200 *et seq.* (collectively, the "State Law Released Claims").

9  　　　　2.　　I additionally hereby release the BBU Parties from any and all

10  claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or

11  unknown, whether anticipated or unanticipated, arising prior to the date of the Court's order of

12  final approval or March 31, 2010, whichever first occurs, that were asserted, relate to those

13  asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims

14  for wages, overtime, straight time, minimum wages, meal and rest breaks, premium pay,

15  liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief

16  (collectively, the "Federal Law Released Claims").

17  　　　　3.　　I hereby acknowledge that I have been given the opportunity to be

18  advised by legal counsel and that I am by this release waiving rights pursuant to California Civil

19  Code Section 1542, and I expressly waive such rights pertaining to these released claims as

20  quoted below:

21  　　　　A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
　　　　WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT

22  　　　　TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
　　　　EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

23  　　　　OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
　　　　HER SETTLEMENT WITH THE DEBTOR.

24

25  　　　　I hereby expressly waive any rights I may have under any other statute of

26  common law principles of similar effect.

27  **V.　　MAILING INSTRUCTIONS.**

28  　　　　Please mail this completed Claim Form to the Settlement Administrator at the

1  address listed below.  Your completed Claim Form must be postmarked on or before

2  [**INSERT DATE**] or else you will forfeit your benefits under this Settlement.  Even if you

3  file an objection to the Settlement, you must submit this Form by the deadline in order to be

4  eligible to receive any benefits under the Settlement.  The address of the Settlement

5  Administrator is:

   *In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration

6  c/o _____

7  Phone: _____

8  Fax: _____

9

**VI.    PLEASE SIGN BELOW.**

10        I declare under penalty of perjury under the laws of the United States of America

11 that the foregoing is true and correct.

12        I hereby consent in writing to become a party plaintiff in the above-captioned

13 action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

14 §§ 201, *et seq.*, and authorize Class Counsel (as defined in Section III of the Notice of (1)

15 Proposed Class Settlement and (2) Final Settlement Approval Hearing) to act on my behalf in all

16 matters relating to this action, including the settlement of my claims.

17

18

19 Dated: _____        _____
                                  (Signature)

20                                _____
                                  (Print Name)

21

22 If you have any questions about completing this Claim Form, please call the Settlement

23 Administrator at [**INSERT TELEPHONE NUMBER**].].

24

25

26

27

28

**FORM B**

**CHANGE OF NAME AND/OR ADDRESS INFORMATION**

*In Re Bimbo Bakeries USA FLSA Actions*
United States District Court for the Northern District of California (Case No: C 05-00829 JW
consolidated with No. C 07-03156 JW)

Instructions: Please complete this Form only if you wish to change your name and/or mailing
address information.

  *Former* name and mailing address:

  Name (first, middle and last): _____

  Home Street Address: _____

  City, State, Zip Code: _____

  Home Telephone Number: (____) _____

  Social Security Number: _____

  *New* name and/or mailing address: _____

  Name (first, middle and last): _____

  Home Street Address: _____

  City, State, Zip Code: _____

  Home Telephone Number: (____) _____

  For purposes of verification only, I began working for BBU or another BBU

entity at the _____ depot in:

  _____
  (Month)                    (Year)

  I understand that all future correspondence in this action, including but not

necessarily limited to important notices or payments to which I am entitled (if any), will be sent

to the new address listed above and not to the address previously used.  I hereby request and

consent to the use of the address listed above for these purposes.

Dated: _____          _____
                                        (Signature)

NOTICE OF CLASS SETTLEMENT

1

_____
(Print Name)

2        PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

3    *In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration
                c/o _____

4

                Phone: _____
5                Fax:   _____

6    **THIS FORM MUST BE RECEIVED BY [\*\*NOTICE DEADLINE\*\*] TO CHANGE YOUR ADDRESS.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CLASS SETTLEMENT

# FORM C

## ELECTION NOT TO PARTICIPATE IN SETTLEMENT

*In Re Bimbo Bakeries USA FLSA Actions*
United States District Court for the Northern District of California (Case No: C 05-00829 JW
consolidated with No. C 07-03156 JW)

Instructions: Please complete this Form only if you do <u>not</u> want to participate in the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") that accompanies this Form.  If you choose to complete this Form, the deadline for mailing it to the Settlement Administrator is **[** INSERT DATE **].**

## I.   **PERSONAL INFORMATION**

Name (first, middle and last):_____

Home Street Address:  _____

City, State, Zip Code:  _____

Home Telephone Number: (____) _____

Social Security Number: _____

Please Provide Your Home or Mobile Telephone Number: (       )

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement):

## II.   **REQUEST FOR EXCLUSION**

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein. <u>I understand this means that I will not be eligible to receive any money or other benefits under the Settlement.</u>  I also understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I had filed a claim under the Settlement.

## III.   **MAILING INSTRUCTIONS**

If you choose to return this Form, you must return it to the Settlement Administrator postmarked on or before **[** **INSERT DATE **]** at the address listed below:

*In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration
c/o <u>Simpluris, Inc.</u>

NOTICE OF CLASS SETTLEMENT

1

Phone: _____

Fax: _____

2

**IV.** **PLEASE SIGN BELOW.**

3

4

I certify that the foregoing statements made by me are true and correct.

5

Dated: _____

_____

(Signature)

6

_____

(Print Name)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FORM D**

[SETTLEMENT ADMINISTRATOR LETTERHEAD]

[DATE]

[CLASS MEMBER NAME AND ADDRESS]

Re:     *In Re Bimbo Bakeries USA FLSA Actions*
        United States District Court for the Northern District of California
        (Case No: C 05-00829 JW consolidated with No. C 07-03156 JW)

Dear **[NAME]**:

        It appears that you have submitted inconsistent documentation with respect to whether you intend to participate in the above-referenced class action settlement (the "Settlement").  Specifically, you have submitted an Election Not to Participate in Settlement Form and you have also submitted a Claim Form.

        Please complete the information below to indicate whether it is your intention to participate in the settlement (and be eligible to receive a payment) or to opt-out of the Settlement (and receive nothing), and return this form by **[**INSERT DATE**]** to

        *In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration
        c/o Simpluris, Inc.
        _____
        Telephone: _____
        Fax: _____

If this fully completed and signed Form is not received by **[** INSERT DATE**]**, you will be deemed to have elected to participate in the settlement.

**I.      PERSONAL INFORMATION**

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Please Provide Your Home or Mobile Telephone Number: (____) _____

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement): _____

**II.     PLEASE CHOOSE ONE (AND ONLY ONE) OF THE FOLLOWING OPTIONS:**

_____ I elect to opt out of participation in the Settlement.  I understand this means that I will not be eligible to receive any money or other benefits under the Settlement.

_____ I elect to participate in the Settlement.  I understand that this means I am releasing all claims set forth in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing that I previously have received and read.

**III.    PLEASE SIGN BELOW.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
(Signature)

_____
(Print Name)

Sincerely,

The Settlement Administrator

EXHIBIT C

# CLAIM FORM

*In Re Bimbo Bakeries USA FLSA Actions*
<u>United States District Court for the District of Northern California (Case No: C 05-00829 JW
consolidated with No. C 07-03156 JW)</u>

<u>Instructions</u>:  Please complete this Claim Form if you want to receive a payment from the

Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final

Settlement Approval Hearing ("Class Notice") that accompanies this Form.  **The deadline for**

**mailing this Form to the Settlement Administrator is [** INSERT DATE **].**

## I.   <u>PERSONAL INFORMATION:</u>

Name (first, middle and last):_____

Home Street Address:  _____

City, State, Zip Code:  _____

Social Security Number:  _____

PLEASE PROVIDE YOUR Home or Mobile Telephone Number:  (      )

PLEASE PROVIDE YOUR E-mail address (optional) – to be used only to communicate
with you regarding the Settlement: _____

## II.   <u>YOUR WORK HISTORY WITH BBU:</u>

The amount of your Settlement share is based on a formula that accounts for your Compensable
Work Weeks (i.e., weeks that you worked in a job covered by the Settlement during the time
period covered by the Settlement).  According to records maintained by BBU, you worked
approximately the following number of Compensable Work Weeks during the Class Period:

_____Compensable Work Weeks between February 25, 2001 and _____, 2010

Your dates of employment at BBU are/were:  [insert hire date] to [present or term date]

**[** INSERT INFORMATION ABOUT INDIVIDUAL **]**

## III.   <u>IF YOU DISPUTE BBU'S RECORDS:</u>

Please complete this Section only if you <u>disagree</u> with the number of work weeks that BBU's
records indicate that you worked.  If you believe that this information is <u>incorrect</u>, please:

1.      Write in the space below the estimated number of work weeks you believe you worked at
BBU in the RSR position (as described in the Class Notice) during the class period:

_____Compensable Work Weeks between February 25, 2001 and _____, 2010

2.      Please attach to this Claim Form any documents that support the information you have
provided regarding the hours you worked within this period of time (for example, pay stubs or
payroll records) or an explanation by you describing what you believe is inaccurate in BBU's

records.  Please be advised that BBU's records are presumed to be correct unless the documents or explanation you provide demonstrates otherwise.

## IV.    RELEASE OF CLAIMS.

1.    I hereby release BBU and its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (the "BBU Parties"), from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the date of the Final Approval Order or March 31, 2010, whichever first occurs, (1) relating to claims that were pled in the Action, and/or (2) which could have been pled which arise out of or relate to classification or misclassification of exempt status in the consolidated Action, including but not limited to claims for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to pay minimum wage, (iii) the alleged failure to provide meal periods or rest breaks, (iv) the alleged failure to provide itemized wage statements, (v) the alleged failure to timely pay wages due, (vi) any alleged failure to provide benefits; and (vii) all other wage/hour and wage payment Claims arising under the laws of the State of California and arising from or related to classification or misclassification of exempt status, including, without limitation, statutory, constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid costs;  any and all of the following based on the foregoing claims and/or causes of action: penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for unfair business practices or unfair competition, including, without limitation, claims arising under California Bus. & Prof. Code sections 17200 *et seq.* (collectively, the "State Law Released Claims).

2.    I additionally hereby release the BBU Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising from the beginning of Claimant's employment with any of the BBU Parties through the date of the Court's order of final approval or March 31, 2010, whichever first occurs, that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims for wages, overtime, straight time, minimum wages, meal and rest breaks, premium pay, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief (collectively, the "Federal Law Released Claims").

3.    I hereby acknowledge that I have been given the opportunity to be advised by legal counsel and that I am by this release waiving rights pursuant to California Civil Code Section 1542, and I expressly waive such rights as quoted below:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I hereby expressly waive any rights I may have under any other statute of common law principles of similar effect.

## V.    MAILING INSTRUCTIONS.

Please mail this completed Claim Form to the Settlement Administrator at the address listed

below.  Your completed Claim Form must be postmarked on or before [**INSERT DATE**] or else you will forfeit your benefits under this Settlement.  Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to receive any benefits under the Settlement.  The address of the Settlement Administrator is:

> *In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration
>
> c/o
>
> _____
>
> _____
>
> Phone:  _____
>
> Fax:  _____

## VI.    PLEASE SIGN BELOW.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I hereby consent in writing to become a party plaintiff in the above-captioned action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, and authorize Class Counsel (as defined in Section III of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing) to act on my behalf in all matters relating to this action, including the settlement of my claims.

Dated: _____          _____
                                                      (Signature)

                                                   _____
                                                      (Print Name)

If you have any questions about completing this Claim Form, please call the Settlement

Administrator at [**INSERT TELEPHONE NUMBER**].

EXHIBIT D

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12   In re BIMBO BAKERIES USA FLSA ACTIONS | No.  C 05-00829 JW consolidated with
                                            No.  C 07-03156 JW

13                                          **ELECTION NOT TO PARTICIPATE
                                            IN SETTLEMENT**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ELECTION NOT TO PARTICIPATE IN SETTLEMENT**

2

*In Re Bimbo Bakeries USA FLSA Actions*
United States District Court for the Northern District of California (Case No: C 05-00829 JW
consolidated with No. C 07-03156 JW)

3

4

Instructions: Please complete this Form only if you do <u>not</u> want to participate in the Settlement

5

that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement

6

Approval Hearing ("Class Notice") that accompanies this Form.  If you choose to complete this

7

Form, the deadline for mailing it to the Settlement Administrator is **[** INSERT DATE **].**

8

I.       **PERSONAL INFORMATION**

9

Name (first, middle and last):_____

10

Home Street Address:  _____

City, State, Zip Code:  _____

11

Home Telephone Number: (____) _____

12

Social Security Number: _____

13

Please Provide Your Home or Mobile Telephone Number:  (      )

14

Please Provide Your E-mail address (optional – to be used only to communicate with you
regarding the Settlement):

15

II.      **REQUEST FOR EXCLUSION**

16

17

By signing and returning this Form, I certify that I have carefully read the Class

18

Notice and that I wish to be excluded from the Settlement described therein. <u>I understand this</u>

19

<u>means that I will not receive any money or other benefits under the Settlement.</u>  I also understand

that if I am excluded from the class, I may bring a separate legal action seeking damages, but

20

might recover nothing or less than what I would have recovered if I had filed a claim under the

21

22

Settlement.

23

III.     **MAILING INSTRUCTIONS**

24

If you choose to return this Form, you must return it to the Settlement

25

Administrator postmarked on or before **[** INSERT DATE **]** at the address listed below:

26

*In Re Bimbo Bakeries USA FLSA Actions* Settlement Administration
c/o_____

27

28

ELECTION NOT TO PARTICIPATE IN SETTLEMENT

**IV.** <u>**PLEASE SIGN BELOW.**</u>

        I certify that the foregoing statements made by me are true and correct.

Dated: _____

_____
(Signature)
_____
(Print Name)

ELECTION NOT TO PARTICIPATE IN SETTLEMENT

EXHIBIT E

1   BINGHAM MCCUTCHEN LLP
    WENDY M. LAZERSON (SBN 97285)
2   CAROLYN B. HALL (SBN 212311)
    1900 University Avenue
3   East Palo Alto, CA  94303-2223
    Telephone:      (650) 849-4400
4   Facsimile:      (650) 849-4800
    wendy.lazerson@bingham.com
5   carolyn.hall@bingham.com

6   Attorneys for Defendants
    BIMBO BAKERIES USA, INC.
7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   In re BIMBO BAKERIES USA FLSA ACTIONS

No.  C 05-00829 JW consolidated with
No.  C 07-03156 JW

**NOTICE OF PROPOSED
SETTLEMENT**

28 U.S.C. § 1715

1      PLEASE TAKE NOTICE THAT the parties to the above-referenced class action

2  have reached a proposed settlement of the claims at issue in the litigation.  Pursuant to the Class

3  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, defendant Bimbo Bakeries USA, Inc.

4  ("BBU"), provides this notice to the Attorney General of the United States of America and the

5  Attorney General of the State of California.  BBU encloses and/or states the following in

6  accordance with its notice obligations under 28 U.S.C. section 1715(b):

7          1.      Plaintiffs' complaint in the above-titled action;

8          2.      The parties' Joint Stipulation of Class Settlement and Release;

9          3.      The parties' proposed Notice of (1) Proposed Class Action Settlement and

10                 (2) Final Settlement Approval Hearing, which includes information about

11                 the scheduled judicial hearing in the above-titled action;

12         4.      The parties' proposed Election Not to Participate in Settlement Form;

13         5.      The parties' proposed Claim Form;

14         6.      A reasonable estimate of Class Members and the estimated proportionate

15                 share of the claims of Class Members to the entire settlement.

16     PLEASE TAKE FURTHER NOTICE that the Court scheduled a judicial hearing

17  for preliminary approval on _____ at _____ a.m./p.m. at the United States District

18  Court for the Northern District of California, Courtroom 8, 4th Floor, 280 South First Street, San

19  Jose, California 95113.

20     PLEASE TAKE FURTHER NOTICE that pursuant to CAFA you are not

21  required to comment on the settlement.  However, if you wish to comment, please file your

22  comments electronically by [INSERT DATE] (the Court provides information about its

23  electronic case filing system at http://ecf.cand.uscourts.gov), or in hard copy form to Clerk of

24  Court, San Jose Division, United States District Court, Northern District of California, 280 South

25  First Street, San Jose, California 95113.  If you choose to comment, please also provide notice to

26  the parties counsel as follows:

27  / /

28  / /

NOTICE OF PROPOSED SETTLEMENT

1

**CLASS COUNSEL**

2

| | |
|---|---|
| SPIRO MOSS LLP | WALSH & WALSH, PC |
| Ira Spiro, State Bar No. 67641 | Michael J. Walsh (SBN 155401) |
| ira@spiromoss.com | michaeljwalshesq@aol.com |
| Dennis F. Moss | 420 Exchange, Suite 270 |
| dennisfmoss@yahoo.com | Irvine, California 92602 |
| 11377 W. Olympic Blvd. Fifth Floor | Telephone:      (714) 544-6609 |
| Los Angeles, CA 90064 | Fax:             (714) 544-6621 |
| Tel (310) 235-2468, Fax (310) 235-2456 | |

3

4

5

6

| | |
|---|---|
| LANGFORD & LANGFORD, a PLC | GIGLIOTTI & GIGLIOTTO, L.L.P |
| Michael S. Langford (SBN 125756) | Joseph J. Gigliotti (SBN 144979) |
| 24681 La Plaza, Suite 220 | gigliottilaw@msn.com |
| Dana Point, California 92629 | 434 East Chapman Avenue |
| mklangford@aol.com | Fullerton, California 92832 |
| Telephone: (949)545-6540 | Telephone:      (714) 879-1712 |
| Fax: (949) 545-6541 | Fax:             (714) 879-3429 |

7

8

9

10

GINEZ, STEINMETZ & ASSOCIATES
Rudy Ginez, Jr. (SBN 84978)
ginez@sbcglobal.net
926 North Flower Street
Santa Ana, California 92703
Telephone:      (714) 541-2251
Fax:             (714) 541-5807

11

12

13

14

**BBU'S COUNSEL**

15

BINGHAM MCCUTCHEN LLP
Wendy M. Lazerson (SBN 97285)
Carolyn B. Hall (SBN 212311)
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone:      (650) 849-4400
Facsimile:      (650) 849-4800
wendy.lazerson@bingham.com
carolyn.hall@bingham.com

16

17

18

19

20

        If you have questions about this notice, the underlying action, or the enclosed

21

materials, please contact counsel for plaintiffs and/or counsel for defendant BBU as provided

22

above.

23

Dated:  February ___, 2010                    BINGHAM McCUTCHEN LLP

24

25

By:  ___/s/_____

26

WENDY M. LAZERSON
Attorneys for Defendant

27

28

EXHIBIT F

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  In re BIMBO BAKERIES USA FLSA ACTIONS    No.  C 05-00829 JW consolidated with
                                            No.  C 07-03156 JW
13
                                            **[PROPOSED] ORDER (1)**
14                                          **CONFIRMING CERTIFICATION OF**
                                            **CLASS AND COLLECTIVE**
15                                          **ACTION, (2) GRANTING FINAL**
                                            **APPROVAL OF CLASS ACTION**
16                                          **SETTLEMENT, AND (3) ENTERING**
                                            **FINAL JUDGMENT**
17

18

19          This matter came on for hearing upon the Court's Order of _____, 2010

20  following Plaintiffs' motion for preliminary approval of the settlement in this action

21  ("Preliminary Approval Order").  Due and adequate notice having been given to the Settlement

22  Class (as defined below), and the Court having considered all papers filed and proceedings had

23  herein and all oral and written comments received regarding the proposed settlement, and having

24  reviewed the record in the above captioned matter, and good cause appearing,

25          IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

26          1.      The Court has jurisdiction over the subject matter of the above-captioned matter,

27
28  the Class Representatives, as defined below, Defendant Bimbo Bakeries USA, Inc. ("BBU"), and

all members of the settlement class, which consists of all persons who were on the payroll of Defendant BBU for at least one day during the period of time beginning on February 25, 2001 and ending on the date of the Preliminary Approval Order, employed in the position of Route Sales Representative and/or substantially similar jobs (e.g., relief/vacation Route Sales Representative, or route sales extra) in the State of California (collectively "Settlement Class" or "Settlement Class Members").

2.      The term Settlement Agreement shall refer to the Joint Stipulation of Class Settlement and Release filed by the Class Representatives in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Settlement Agreement, unless specifically provided herein.

3.      The Court grants final approval of the parties' Settlement Agreement.

4.      The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt-Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.  [No Settlement Class

1  Members objected to the Settlement Agreement and only ___ individuals opted out of the

2  Settlement.]

3       5.    The Court finds, for purposes of settlement only, that the Settlement Class

4  satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3).

5  Accordingly, solely for purposes of effectuating this settlement, this Court has certified a class

6  of all Settlement Class Members, as that term is defined above.  Because the Rule 23 class is

7  being certified here for settlement purposes only, the Court need not (and does not) address the

8  manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S.

9

10  591 (1997).

11       6.    The Court finds, for settlement purposes only, that the Settlement Class Members

12  meet the requirements for collective action certification under Section 216(b) of the Fair Labor

13  Standards Act.

14

15       7.    The Court approves the settlement of the above-captioned action, and each of

16  the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and

17  adequate as to the Settlement Class, the Class Representatives, and BBU (collectively "Settling

18  Parties").  The Settling Parties and the Settlement Administrator are directed to perform in

19  accordance with the terms set forth in the Settlement Agreement.

20

21       8.    Except as to any individual claim of those persons (identified in Attachment A

22  hereto, if any) who have validly and timely requested exclusion from the Class, all of the

23  claims asserted in the above-captioned matter are dismissed with prejudice as to the Class

24  Representatives and the Settlement Class Members.  The Settling Parties are to bear their own

25  attorneys' fees and costs, except as otherwise provided in the Stipulation.

26       9.    By this Judgment, the Class Representatives, and each Settlement Class Member

27  who has not validly and timely requested exclusion from the Settlement by opting out, shall be

28

1   deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released

2   and discharged, BBU and its past, present and future parents, subsidiaries (whether or not

3   wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future

4   parents, subsidiaries and joint ventures), divisions and subdivisions, and its and each such

5   entities' current and former officers, directors, employees, partners, shareholders, agents,

6   insurers, successors assigns, and legal representatives, all in their individual and corporate

7   capacities (the "BBU Parties"), from any and all claims, obligations, causes of action, actions,

8   demands, rights, and liabilities of every kind, nature and description, whether known or

9   unknown, whether anticipated or unanticipated, arising prior to this Order (1) relating to claims

10   that were pled in the Action, and/or (2) which could have been pled which arise out of or relate

11   to classification or misclassification of exempt status in the consolidated Action, including but

12   not limited to claims for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged

13   failure to pay minimum wage, (iii) the alleged failure to provide meal periods or rest breaks, (iv)

14   the alleged failure to provide itemized wage statements, (v) the alleged failure to timely pay

15   wages due, (vi) any alleged failure to provide benefits; and (vii) all other wage/hour and wage

16   payment Claims arising under the laws of the State of California and arising from or related to

17   classification or misclassification of exempt status, including, without limitation, statutory,

18   constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid

19   costs; any and all of the following based on the foregoing claims and/or causes of action:

20   penalties (including penalties under PAGA), liquidated damages, punitive damages, interest,

21   attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for unfair business

22   practices or unfair competition, including, without limitation, claims arising under California

23   Bus. & Prof. Code sections 17200 *et seq.* (hereafter, the "State Law Released Claims).

24

25

26

27

28

10.     By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the BBU Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising prior to this Order, that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims for wages, overtime, straight time, minimum wages, meal and rest breaks, premium pay, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief (collectively, the "Federal Law Released Claims") (the State Law Released Claims and the Federal Law Released Claims together the "Released Claims").

11.     In addition, the Class Representatives agree to release the BBU Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date of this Order is entered by the Court ("Class Representatives' Released Claims").  The Class Representatives' Released Claims include, but are not limited to, those claims that were or could have been asserted in the Action; all other claims arising under the Fair Labor Standards Act ("FLSA"), the California Labor Code, California Business and Professions Code section 17200 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), and all other federal, state, and local statutes, regulations, and common law theories, all other claims for lost wages and benefits, interest, and penalties, including penalties under the Labor Code Private Attorneys General Act ("PAGA"), meal and/or rest period penalties, penalties associated with alleged wage statement violations, and penalties associated with an alleged failure to timely pay wages due; all claims for emotional distress, punitive damages, and attorneys' fees and expenses arising under federal, state, or local laws for discrimination,

harassment, retaliation, and/or wrongful termination, such as, by way of example only, claims pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. section 12101 *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*; and all claims arising under the law of contract and tort (the "Class Representatives' Release of Claims").

12.     By this Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the BBU Parties from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the Action, including but not limited to claims based on the FLSA, the California Labor Code, or any other statute or law (the "Class Counsels Released Claims").

13.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims or Class Representatives' Released Claims, any wrongdoing or liability of BBU or any of the BBU Parties, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of BBU or any of the BBU Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  BBU may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

1    reduction or any theory of claim preclusion or issue preclusion or similar defense or

2    counterclaim.

3         14.    The action is dismissed on the merits and with prejudice, permanently barring the

4    Class Representatives and all other Settlement Class Members (other than those who timely filed

5    Opt-Out Forms) from prosecuting any of the Released Claims, the Claimants from prosecuting

6    any of the Federal Released Claims, the Class Representatives from prosecuting any of the

7    Released Claims or Class Representatives' Released Claims, or the Class Counsel from

8    prosecuting any of the Class Counsels' Released Claims.

9

10        15.    The Court finds that the plan of allocation set forth in the Settlement Agreement

11   is fair and reasonable and that distribution of the Settlement Fund to Claimants shall be done in

12   accordance with the terms outlined in the Class Notice and Settlement Agreement.

13

14        16.    The Court hereby orders the appointment of Thomas Leonard, Charlie Bradaric,

15   Gary Hoskins, Larry Brian Newman, Chris Herr, William Harrison, Kathleen Morrison, Gary

16   Castro, and Thomas Terusa as Class Representatives for the Settlement Class for purposes of

17   settlement.

18        17.    The Court hereby orders the appointment of Ira Spiro and Spiro Moss LLP,

19   Michael J. Walsh and Walsh & Walsh, PC, Joseph J. Gigliotti and Gigliotti & Gigliotti, L.L.P.,

20   Michael S. Langford and Langford & Langford, a PLC, and Rudy Ginez, Jr. and Ginez,

21   Steinmetz & Associates as Class Counsel for the Settlement Class for purposes of Settlement and

22   the releases and other obligations therein.

23

24        18.    BBU has agreed to pay from the Qualified Settlement Fund: (i) Class Counsel

25   their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter; (ii)

26   the Settlement Administrator its reasonable fees for its services; and (iii) an enhancement to each

27   Class Representative to reimburse him or her for his or her unique services. The Court finds that

28

1   these payments are fair and reasonable.  Accordingly, the Court hereby awards to Class Counsel

2   for attorneys' fees and costs of $_____ as of the date of disbursement.  The Court also

3   hereby approves the payment of settlement administration costs in the approximate amount of

4   $_____ to Simpluris, Inc., the Settlement Administrator for services rendered in this matter.

5

6        19.    The enhancement awards to the Class Representatives in an amount not to exceed

7   $10,000.00 each are approved to reimburse the Class Representatives for his or her unique

8   services in initiating and maintaining this litigation.

9        20.    The Settlement Administrator is directed to make the foregoing payments to Class

10  Counsel, the Settlement Administrator, and the Class Representatives in accordance with the

11  terms of the Settlement Agreement.  Those payments come out of the total Qualified Settlement

12  Fund provided for in the Settlement Agreement, and BBU shall not be required to make any

13  additional payments in connection with the Settlement, other than the payment of its share of

14  payroll taxes as provided for in the Settlement Agreement.

15

16       21.    This matter is hereby dismissed with prejudice.  The Court reserves and retains

17  exclusive and continuing jurisdiction over the above captioned matter, the Class

18  Representatives, the Settlement Class, and BBU for the purposes of supervising the

19  implementation, effectuation, enforcement, construction, administration and interpretation of

20  the Settlement Agreement and this Judgment.

21

22       22.    This document shall constitute a judgment for purposes of Rule 58 of the Federal

23  Rules of Civil Procedure.

24            IT IS SO ORDERED.

25  Dated: _____, _____, 2010

26                                                  _____
                                                    The Honorable James Ware
27                                                  Judge, United States District Court

28