United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Bimbo Bakeries USA, FLSA Actions | NO. C 05-00829 JW |
| | **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |
| _____/ | |

On February 8, 2010, the Court heard on a Joint Motion for Preliminary Approval of Settlement. (hereafter, "Motion," Docket Item No. 482.) Based on the papers submitted to date and oral argument, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement memorialized in the Motion, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

2. The Court conditionally certifies, for settlement purposes only, the following class ("Class"):[1] All persons who were on the payroll of Bimbo Bakeries USA, Inc. ("BBU") for at least one day during the period of time beginning on February 25, 2001 and ending on the date of this Order, employed in the position of Route Sales Representative and/or substantially similar jobs (e.g., relief/vacation Route Sales Representative, or route sales extra) in the State of California. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a)

---

[1] All capitalized terms in this Order shall have the same definitions as those set forth in the Motion.

and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement. The Court further finds, for settlement purposes only, that conditional certification of the Action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate.

3. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification or for any other purpose, other than enforcing the terms of the Motion.

4. The Court appoints, for settlement purposes only, Thomas Leonard, Charlie Bradaric, Gary Hoskins, Larry Brian Newman, Chris Herr, William Harrison, Kathleen Morrison, Gary Castro, and Thomas Terusa as Class Representatives.

5. The Court appoints, for settlement purposes only, Ira Spiro and Spiro Moss LLP, Michael Walsh and Walsh & Walsh, PC, Michael S. Langford and Langford &Langford, a PLC, Joseph J. Gigliotti and Gigliotti & Gigliotti, L.L.P., and Rudy Ginez, Jr. and Ginez, Steinmetz & Associates as Class Counsel for the purposes of Settlement and the releases and other obligations therein. Simpluris, LLC is appointed as Settlement Administrator.

6. The Class Notice, attached to the Motion for Preliminary Approval as Exhibit B, and the Claim Form, Change of Name and/or Address Information, Election Not to Participate in Settlement, and Settlement Administrator form of letter regarding inconsistent documentation, attached to the Class Notice as Forms A through D, respectively, are approved. The Settlement Administrator is ordered to mail those documents to the Class members as provided in the Motion.

7. The *envelope* in which Class Notice will be issued in shall prominently display the following language: **"Please read this notice carefully, it may affect your legal rights to claim additional wages and other monies during your employment with Bimbo Bakeries USA, Inc. ("BBU")."**

2

8. Each Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice to object to the Settlement by serving of the Settlement Administrator, Class Counsel, and Counsel for BBU, and filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement. Each Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice to submit a written request for exclusion from the Settlement. Each Class Member shall have sixty (60) days after the date on which the Settlement Administrator mails the Class Notice to submit their written proof of claim to the Claims Administrator. Class Members may cure deficiencies, if any, in their proofs of claim in the time and manner specified in the Motion.

9. The Court will conduct a Final Approval Hearing on **June 7, 2010 at 9:00 a.m.** to determine the overall fairness of the settlement and to fix the amount of attorneys fees and costs to Class Counsel and enhancements to Class Representatives. The Final Approval Hearing may be continued without further notice to Class Members. Class Counsel shall file their motion for approval of the settlement, including approval of attorneys fees, costs, and Class Representative enhancements sought in the Settlement, on or before **May 28, 2010**.

**IT IS SO ORDERED.**

Dated: February 11, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Carolyn Blecha Hall carolyn.hall@bingham.com
Dennis Frank Moss dennisfmoss@yahoo.com
Elizabeth Jean Carroll betsy.carroll@bingham.com
Joseph J. Gigliotti gigliottilaw@msn.com
Joseph J. Gigliotti gigliottilaw@msn.com
Katherine J. Odenbreit kjodenbreit@class-action-attorneys.com
Kristen Pezone kristen.pezone@bingham.com
Michael James Walsh michaeljwalshesq@aol.com
Michael Scott Langford mklangford@aol.com
Michael Scott Langford mklangford@aol.com
Rebecca Sobie rsobie@smbhblaw.com
Robert Ira Spiro ira@spiromoss.com
Rudolfo Ginez ginez@sbcglobal.net
Rudolfo Ginez ginez@sbcglobal.net
Wendy M. Lazerson wendy.lazerson@bingham.com

**Dated: February 11, 2010**          **Richard W. Wieking, Clerk**

**By:      /s/ JW Chambers**
          **Elizabeth Garcia**
          **Courtroom Deputy**

United States District Court
For the Northern District of California